193 P.2d 918

## COWEN v. VALLEY NAT. BANK.

### No. 5021.

Supreme Court of Arizona.

May 24, 1948.

W. H. Chester, of Phoenix, for appellant.

Gust, Rosenfeld, Divelbess, Robinette & Linton, of Phoenix, for appellee.

STANFORD, Chief Justice.

On August 31, 1946, plaintiff (appellant) had a joint checking account with Dorothy Cowen, his wife, in the defendant bank (appellee), and on said date plaintiff drew out of said account by check the sum of $100 cash. He then went to the savings department of said bank and opened a savings account under his separate name in the sum of $500, giving the bank a check drawn on the joint account of himself and his wife. To evidence the $500 deposited in the savings account opened by the plaintiff, the defendant issued a pass book showing the amount deposited and accepted the check presented for that amount.

August 31, 1946, was on a Saturday; September 1st was Sunday; and September 2nd was Labor Day (both legal holidays). Accordingly the bank was not open for business until September 3rd, on which date, at the time of the opening of the bank, plaintiff's wife went to the bank and withdrew from the same joint checking account of husband and wife the balance that the bank record erroneously showed to be in the joint account, namely the sum of approximately $689; that at the time the wife of plaintiff appeared on September 3rd and withdrew the total sum in said account, the $500 check, which had been drawn by the plaintiff on August 31st against the joint account, had not been charged against said joint account. When defendant discovered what it termed a "double withdrawal" of the sum of $500

from the joint checking account of plaintiff and his wife it cancelled the deposit of $500 by the plaintiff in the savings account claiming the account was overdrawn, and advised plaintiff of its action.

The record shows that there were marital difficulties between plaintiff and his wife at the time the checks in question were drawn though the Bank had no knowledge thereof. Divorce action was filed on September 16, 1946, by the wife against plaintiff, and in the complaint filed the wife disclosed that the $500 here in question was in her possession, and on September 26, 1946, plaintiff and his wife entered into a property settlement agreement by which it was agreed that the moneys then in her possession were to be retained by her.

The case was tried before a jury. After submission of all evidence the defendant moved for an instructed verdict on the following two grounds:

"1. * * * that it appears from the record evidence in this case the admissions of the plaintiff that he had knowledge of such facts to charge him with notice of the fact that this $500.00 had been drawn out of the account by his wife when he made the property settlement agreement, and that having such knowledge the effect of that property settlement agreement was to assign the bank's right to recover that $500.00 to his wife and that he now has no such right to recovery."

"2. * * * that this was a joint account payable, withdrawable upon the checks of either Appellant or his wife; that the authority of each of them to draw checks on this account was never terminated until the account was closed which was some time after the events that happened here, that is, some time after September 3rd or 4th. And that such being the case when the wife drew a check on the account which she was authorized to do by the terms of the joint agreement she overdrew the account to the extent of the amount the account was short. That such overdraft gave the bank the right to charge that overdraft against any account that either of the parties had in the bank, including the right of the plaintiff in any savings account that he might have."

The court granted an instructed verdict on the second ground. Thereafter, motion for new trial was made and denied, and from the trial court's action in that respect appeal has been brought to this court.

By plaintiff's following assignments of error we can cover the contentions presented:

"That when a check is presented to a bank in deposit drawn directly upon itself and it unqualifiedly accepts the check and presents it to the credit of the customer, thereafter, it cannot, in the absence of fraud or collusion repudiate the transaction;

"That when a bank credits a depositor with the amount of a check drawn upon itself the giving of credit is equivalent to

payment in money and the bank cannot recall or repudiate the payment thereafter.

"That under and by virtue of the terms of the contract of the bank with the appellant herein, it was distinctly understood as follows:

" 'The bank may charge back any item at any time before final payment, whether returned or not, Also Any Item Drawn On This Bank Not Good At The Close Of Business On The Day Deposited.'

"That the $500.00 item deposited in appellant's Savings Account being good at the close of business on the day in which it was deposited is the same as cash under the law, and that the bank can not, by any means, deprive the depositor of the credit to his Savings Account."

The defendant, excepting to the court's ruling denying the motion for an instructed verdict on the first ground, filed its cross-assignment of error as follows: "The trial court erred in not granting defendant's motion for an instructed verdict upon the record evidence in the case, and the admissions of the plaintiff that he had knowledge of facts to charge him with notice of the fact that the $500.00 had been drawn out of the account by his wife when he made the property settlement agreement, and that having such knowledge, the effect of that property settlement agreement was to assign the right to recover the $500.00 to his wife so that he now has no such right to recover."

■ From the foregoing we can say that the main contention of the plaintiff is, " * * * that where a check is drawn upon a bank and presented to that bank for deposit, there is an absolute credit for the amount of said check as though the same had been made in cash * * * that under the rules of the bank and under the contract with the depositor that any check deposited at said bank good at the close of business of the day so deposited at said bank was an absolute credit to the depositor."

and we have no quarrel with this statement as an abstract proposition of law for it is fully supported by the authorities. Cohen v. First National Bank, 22 Ariz. 394, 198 P. 122, 15 A.L.R. 701; First Nat. Bank v. Burkhardt, 100 U.S. 686, 25 L.Ed. 766.

■ If, by reason of the "double withdrawal" of this $500 item from the joint account, the bank, under these peculiar circumstances, was entitled to a set off against the plaintiff the law seems to be well settled that overdrafts in a commercial account may be off set against a credit balance in the same individual's savings account.

From 9 C.J.S., Banks and Banking, § 998, page 1421, we quote: "In accordance with the general rules governing set-off, as discussed in the title Set-Offs and Counterclaims, in an action against a savings bank by a depositor for the amount due him on the deposit, the bank may set off against his claim any indebtedness due the bank

from him, and this right is unaffected by the fact that the indebtedness arose from the depositor's transactions with the commercial banking department of the bank. * * *"

In keeping with the foregoing statement from 9 C.J.S., supra, we refer to the case of Pursiful v. First State Bank of Pineville, 251 Ky. 498, 65 S.W.2d 462, 463. The facts are that the appellee had both a commercial and savings department in its bank. Otto Pursiful opened a savings account with appellee and while he had the savings account he also had two commercial accounts in the same bank, one under the name of "Otto Pursiful" and the other "Paige Service Station". The wife of appellant did most of the banking business for her husband. When either of the accounts were overdrawn, the bank would take from the savings account and put it to the commercial accounts and claimed that it notified Mrs. Pursiful. When Pursiful attempted to withdraw his savings account, thinking that he had deposited the amount of $3,000 plus interest, he was advised that he had but $2,209.92 because of the transfers referred to above. The main defense presented by the appellee in suit brought by Pursiful was that the bank had a right to pay to the commercial accounts out of the savings account any overdrafts. The court said:

"It is conceded that as a general proposition, a deposit of money in a bank, at least on open account, establishes the relation of debtor and creditor between the bank and the depositor. Williams v. Rogers, 14 Bush., Ky., 776; Burnam v. Commonwealth, 228 Ky. 410, 15 S.W.2d 256. No reason can be seen why any difference should be made between such an account and a savings account, at least where the bank is, as here, a commercial bank, with stockholders, organized for profit, engaged in general banking business and maintaining a savings account department as part of such general banking business. Hence according to the weight of authority, if there is no bylaw or regulation limiting the liability of a bank with reference to its savings account, and no agreement to the contrary (and there was none in the instant case), a deposit of money on savings account creates the relation of debtor and creditor between the depositor and the bank. * * *

"The relationship existing between Pursiful and the bank with reference not only to his savings account but also to his open account being that of debtor and creditor, it necessarily follows that when sued by Pursiful on his savings account, the bank could set off against his claim whatever claims it had against him for his overdrafts paid by it. Such being true, it will not be necessary to determine whether the bank could make the withdrawals it did from Pursiful's savings account or not."

After the withdrawal of the money referred to an action was brought by the wife against this plaintiff for divorce in

the Superior Court of Maricopa County. The property settlement that was entered into prior to the decree of divorce reads, in part, as follows: "The wife, party of the first part, shall receive and be entitled to the money belonging to the parties herein now in her possession * * * "

The decree of divorce in respect to the settlement agreement contains this paragraph: "That the property settlement agreement entered into by and between plaintiff and defendant on September 26, 1946, and filed as an exhibit herein, be, and the same is hereby ratified, confirmed and approved."

It must be kept in mind that the right of some disinterested third party is not at stake. If it were, a different result might be obtained, but we are here confronted with the claim of plaintiff, who, with his wife, had opened a joint bank account and "betwixt and between them" there was thereafter attempted to be withdrawn some $500 more than was on deposit. True the bank was derelict in its duty when it failed to charge plaintiff's $500 withdrawal at the close of Saturday's business. Had it done so, the wife's check presented Tuesday morning would have been dishonored, but in the final analysis the owners of the joint account received all that they had on deposit with the defendant bank and it would constitute an unjust enrichment to permit plaintiff to recover the amount herein sued for as he was benefited to this extent when the property settlement was

effected between them and hence he is not now entitled to recover for what was patently a harmless mistake of the bank.

 Other assignments of error of the plaintiff we think unnecessary to determine. "A judgment predicated on a directed verdict must be affirmed on appeal if any of several grounds of the motion for such verdict are good, if the result is the only one that could be reached legally. Horan v. Richfield Oil Corp., 56 Ariz. 64, 105 P. 2d 514, and authorities cited thereunder." Ridara Livestock Co. v. Agricultural Products Co., 61 Ariz 473, 150 P.2d 761, 762.

Judgment affirmed.

LaPRADE and UDALL, JJ., concurring.