[Civ. No. 16800.   First Dist., Div. Two.   July 10, 1956.]

MONTIE J. CLARK, Appellant, v. CITY OF BERKELEY et al., Respondents.

Smith & Parrish and George W. Hauer for Appellant.

Clark, Heafey & Martin and Schofield & Cunningham for Respondents.

DOOLING, J.—Plaintiff appeals from a judgment of nonsuit entered in favor of defendant city of Berkeley.

Appellant sued the city for damages, charging negligence in the construction and maintenance of a public sidewalk. She received personal injuries as a result of a fall caused by a defect in this sidewalk. The trial court being of the opinion that the defect responsible for appellant's fall was a trivial one which did not as a matter of law create a dangerous and defective condition granted a judgment of nonsuit.

The incident out of which this action arose occurred December 29, 1953, at about 1:45 p. m. on a clear, sunny day. Appellant, a woman about 52 years old, left her home at 2243 Ashby Avenue, Berkeley, and proceeded to walk westerly on the sidewalk toward Shattuck Avenue where she intended to catch a bus to take her to her place of employment.

After appellant passed Wheeler Street, which intersects Ashby Avenue, she walked to the curb to see if a bus was coming down Ashby Avenue in the direction she wished to go. There being no bus in sight, appellant turned and started again to walk toward Shattuck Avenue on Ashby. She had taken about four or five steps when she tripped and fell on the sidewalk.

Photographs of the sidewalk area where the accident occurred were introduced into evidence. These reveal a very poor general condition of the sidewalk and a general state of disrepair. Photographs were also introduced showing appellant with her feet placed on the sidewalk approximately as they were just before her fall. In these pictures she was wearing the same shoes she had on at the time of her accident. They were of a low, flat, wedge type sometimes characterized as ''sensible.''

At the point where appellant fell one concrete slab of the sidewalk was raised about one-half inch over the level of the adjoining and contiguous slab. From the photographs in evidence and appellant's testimony the toe of appellant's left foot caught on the rise between the two concrete slabs while her right foot was on the higher slab of concrete, thus causing her fall.

Beverly Robinson, the 14-year-old granddaughter of appellant, testified that about two weeks prior to December 29, 1953, she tripped and fell over the same defect that caused appellant's accident. She did not notify anyone of the fact that she had tripped at this place on the sidewalk.

There was evidence that the sidewalk had been in the general condition shown by the photographs approximately a couple of years and that it had been in poor condition for six or seven years.

It is appellant's position that the evidence viewed most favorably to herself showed proof of a dangerous condition and constructive notice to respondent city of Berkeley. Respondent is liable, if at all, under the provisions of what is commonly known as the Public Liability Act, now found in the Government Code, section 53050 et seq. Section 53051 provides that a municipality shall be liable for injuries resulting from a dangerous or defective condition of the public streets where it has notice or knowledge of the condition and fails to remedy it within a reasonable time. ▮ In determining whether the essential elements to a recovery under

this statute have been proved the determination of whether the defect involved is a minor or trivial one may be material. It is recognized that minor defects will inevitably occur, both in the construction and maintenance of heavily traveled surfaces and the continued existence of these defects is not unreasonable. In such a case, irrespective of the question of notice of the condition, no liability may result. (*Barrett* v. *City of Claremont,* 41 Cal.2d 70 [256 P.2d 977].)

In this case if the only defect considered is the half-inch variance between the two slabs of concrete it is probably true, as contended by respondent, that this defect constituted a minor one as a matter of law for which it could not be held liable. (*Whiting* v. *City of National City,* 9 Cal.2d 163 [69 P.2d 990].) A half-inch ridge in a sidewalk was held, as a matter of law, to be a trivial defect that imposed no duty on the city in *Barrett* v. *City of Claremont, supra,* 41 Cal.2d 70 [256 P.2d 977]. Moreover, that case, on page 74, contains a listing of other decisions holding that defects of a greater magnitude than the half-inch ridge there involved were minor ones. Indeed appellant admits that if this was the sole defect in question she probably could not recover because as a practical matter it is asking too much of a city to require it to repair the hundreds of minor isolated defects spread throughout its entire area.

Here however appellant argues that when the whole area in question is considered the court is not presented with a trivial or minor defect but with the existence of a dangerous condition of which respondent had notice or knowledge. In making this contention appellant relies on her testimony to the effect that she usually stayed on the right side of a sidewalk, "but there it was so badly that a person kind of jig-jagged around to get on the good spots," and on the photographs in evidence.

There is no contention that respondent had actual knowledge or notice of the alleged dangerous and defective condition. Appellant argues however that respondent had constructive notice of the situation and failed to remedy it. If so, assuming the condition was in fact dangerous or defective respondent would be liable for the injuries resulting therefrom. It is well settled that a city will be charged with constructive notice of substantial defects in the public sidewalk which have existed for such a length of time and are of such a conspicuous character that a reasonable inspection

would have disclosed them. (*Peters* v. *City & County of San Francisco*, 41 Cal.2d 419 [260 P.2d 55].)

■ The photograph, "Plaintiff's Exhibit 5," shows a general view of the sidewalk. From this photograph it is apparent that the entire sidewalk is in an extremely dilapidated and fragmented condition. It is composed of the conventional rectangles of concrete. The rectangle from which appellant was stepping is broken into three pieces with grass and weeds growing through the interstices. The rectangle to which appellant was stepping is broken across one corner with grass and weeds growing through the break. Thirteen or fourteen of the rectangles shown in the photograph have visible cracks running through them, many showing growth protruding through. The outer edge of the sidewalk has cracked and fallen away over a considerable portion of its length, and grass and weeds are growing through wide breaks over a large part of the entire area of the sidewalk.

So far as constructive notice to respondent is concerned, the existence of such a badly fragmented and broken sidewalk over the period of time testified to is more than ample to take the case to the jury. ■ Constructive notice of a particular defect may be aided by the existence of other defects in the same area. In *Van Dorn* v. *City & County of San Francisco*, 103 Cal.App.2d 714 [230 P.2d 393], the court said at page 719:

"But in considering the questions whether it was conspicuous or notorious, and whether it had existed for a long time the jury could also consider the three other sunken areas surrounding it, all of which were worse."

In determining the basic question, whether the one-half inch elevation of one rectangle over the other, which had broken away from it and become depressed to that extent, is as a matter of law a trivial defect for which the respondent cannot be held liable a consideration of the policy behind the rule becomes important. In *Graves* v. *Roman*, 113 Cal. App.2d 584, at pages 586-587 [248 P.2d 508] the court thus expressed the policy underlying the cases denying liability for trivial defects:

"The authorities disclose that the underlying basis of the decisions is a practical recognition of the impossibility of maintaining heavily travelled surfaces in a perfect condition and that minor defects such as differences in elevation are bound to occur in spite of the exercise of reasonable care by

the party having the duty of maintaining the area involved.''

Our Supreme Court in *Barrett* v. *City of Claremont, supra,* 41 Cal.2d 70, similarly said at page 73:

''Growing out of the difficulty of maintaining heavily traveled surfaces in perfect condition is the practical recognition that minor defects inevitably occur, both in construction and maintenance, and that their continued existence is not unreasonable. . . . A municipality cannot be expected to maintain the surface of its sidewalks free from all inequalities and from every possible obstruction to travel. Minor defects due to continued use, or action of the elements, or other cause, will not necessarily make the city liable for injuries caused thereby.''

Where an entire sidewalk area is in a broken, dilapidated and fragmented condition, so that pedestrians using it must undergo the hazards of many inequalities, any one of which might cause a fall, the reason behind the rule should cease to operate. An isolated minor defect may be so trivial, that though it creates a peril to pedestrians using it, the city as a matter of public policy may not be held liable to repair it. An entire sidewalk crumbling and falling apart is an entirely different matter and the city should not be entitled to ignore the cumulative perils presented by its generally fragmented condition.

Judgment of nonsuit reversed.

Nourse, P. J., and Devine, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.