108 So.2d 768 (1959)
CITY OF JACKSONVILLE, a municipal corporation, Appellant,
v.
R.E. HAMPTON, Appellee.
No. A-411.
District Court of Appeal of Florida. First District.
February 10, 1959.
*769 William M. Madison, Inman P. Crutchfield and Claude L. Mullis, Jacksonville, for appellant.
Hall, Hartwell & Douglass, Tallahassee, and Will O. Murrell, Jr., Jacksonville, for appellee.
STURGIS, Chief Judge.
The City of Jacksonville, defendant below, appeals from a judgment for R.E. Hampton, plaintiff below, entered in a suit to recover damages for personal injuries alleged to result from negligence of the city in failing to properly maintain the steps of its City Hall.
At the conclusion of plaintiff's case and again at the conclusion of all of the evidence defendant moved for a directed verdict on the ground that plaintiff had failed to make out a prima facie case, specifying that the evidence was devoid of any showing as to the length of time prior to the accident the alleged defective condition had existed. Denial of the motion was assigned as one of the grounds upon which defendant moved for a new trial, which motion was also denied. The sole issue on appeal is whether the court erred in denying defendant's motion for a directed verdict.
Careful examination of the transcript of evidence reveals that the mentioned premise of the motion for a directed verdict is correct. There is no testimony, direct or indirect, establishing or tending to establish that the alleged defective condition of the steps existed for any period of time whatever prior to the accident. Without such proof it was impossible for the jury to apply the well-established rule to the effect that a municipal corporation is not liable in tort for failure to maintain such facilities free from defects that are likely to produce injury to the person unless it either had actual knowledge of the defect or that it had existed for such a period of time that the municipality could or in the exercise of reasonable care should have discovered and repaired it. Lisk v. City of West Palm Beach, 160 Fla. 632, 36 So.2d 197.
Appellee insists that certain photographs of the steps, taken subsequent to the accident and admitted in evidence, reflect *770 in themselves that the alleged defects existed for a long period of time and that the jury, without necessity for supporting parol testimony, was entitled to draw the inference therefrom that such defects existed sufficiently prior to the accident to warrant the verdict in accordance with the mentioned rule. Undoubtedly such inference was drawn from the photographs by the jury and recognized as correct by the court in denying the motion for a directed verdict and for a new trial. However, the law is well settled that photographs are admissible only on the theory stated by Wigmore, Evidence, 3d Ed., Vol. 3, Sec. 793, p. 186:
"The use of maps, models, diagrams and photographs as testimony to the objects represented rests fundamentally on the theory that they are the pictorial communications of a qualified witness who uses this method of communication instead of or in addition to some other method. It follows, then, that the map or photograph must first, to be admissible, be made a part of some qualified person's testimony."
Volume 32 C.J.S. Evidence § 709 states the rule as follows:
"Photographs are generally inadmissible as original or substantive evidence, but they must be sponsored by a witness whose testimony they serve to explain and illustrate * * *."
In 20 Am.Jur., Evidence, Sec. 730, it is said:
"It is generally agreed that photographs are admissible only when they are verified or authenticated by some other evidence."
In Haven v. Snyder, 93 Ind. App. 54, 176 N.E. 149, 151, the court said:
"* * * `we are to remember, then, that a document purporting to be a map, picture, or diagram, is, for evidential purposes simply nothing, except so far as it has a human being's credit to support it. It is mere waste paper, a testimonial nonentity. It speaks to us no more than a stick or a stone. It can of itself tell us no more as to the existence of the thing portrayed upon it than can a tree or an ox. We must somehow put a testimonial human being behind it (as it were) before it can be treated as having any testimonial standing in court. It is somebody's testimony  or it is nothing."
In Gibbons v. City of New York, 200 Misc. 699, 110 N.Y.S.2d 731, 732, photographs were admitted in evidence, as in the case on appeal, but the testimony supporting them gave no hint of proof that any particular period of time had passed sufficient to give the city constructive notice of a defect. In rejecting plaintiff's contention that the photograph in evidence was available for all purposes, the court said:
"The court will have to rule against the contention of the plaintiff in this regard. American Jurisprudence (Vol. 20, Evidence, p. 608) states as follows: `A photograph cannot be relied upon as proof in itself of the dimensions of the depicted object or objects, and cannot be made properly available to establish the relative proportions of such object or objects except by personal knowledge or scientific experience to demonstrate accurately the facts sought to be established.' * * * This court feels that if such a rule applies to linear dimensions as shown in the photograph, it is more certainly applicable to abstract dimensions such as time, and consequently the contention of the plaintiff's counsel in that regard is overruled."
In Rotker v. City of New York, Mun. Ct., 124 N.Y.S.2d 231, 233, recovery was sought for personal injuries sustained while crossing a public roadway in tripping against a lump on an unused road *771 surface rail and catching plaintiff's heel in a depression in the road adjacent thereto. A photograph of the scene was received in evidence but no testimony was presented as to the length of time the condition existed prior to the accident; nor was any expert testimony presented, based on an inspection or description of the alleged condition, expressing an opinion as to its duration. In holding that the physical condition portrayed by the photograph and unsupported by oral testimony was insufficient evidence to entitle the jury to reasonably infer constructive notice, the court said:
"Unaided by any testimony of a qualified person describing the condition from personal observation, the jury necessarily was required to indulge in pure speculation to determine the nature and duration of the condition claimed to be shown in the photograph. For ought that appears, the lump might be anything but a solder of welding of metal and both the lump on the rail and the adjacent road depression might have been created immediately prior to the happening of the accident * * *.
"It cannot be said therefore, that constructive notice was deduced from the photograph standing alone."
We are not unmindful that photographs often demonstrate more accurately than spoken words the details of what the words seek to convey. See Davis v. Seaboard Air Line Ry. Co., 136 N.C. 115, 48 S.E. 591. It is this facility and efficiency of use that permits photographs to be admitted in evidence, not to establish the facts stated by the spoken words but, upon being connected with and tied into the spoken words, to more accurately demonstrate their import.
The facts on this appeal are readily distinguishable from those in the recently decided case of Singleton v. City of Jacksonville, Fla.App., 107 So.2d 47, which turned upon the proposition that there was evidence to the effect that long prior to the accident the municipality knew of the hazardous condition there involved and had exercised control over the premises, thus presenting an issue of fact on the question of negligence to be resolved by the jury.
Since there was no competent evidence establishing the material element as to the period of time the alleged defect had existed, the motion for a directed verdict should have been granted.
Reversed and remanded for new trial.
CARROLL, DONALD, J., concurs.
WIGGINTON, J., concurring specially.
WIGGINTON, Judge (concurring specially).
I agree with the opinion written by Judge STURGIS. The record is devoid of any evidence tending to establish that defendant knew or had reason to know that the dangerous defects in the steps to its City Hall existed prior to the time of plaintiff's fall which resulted in serious bodily injuries. Although plaintiff testified that the photographs which clearly reveal the defect which caused his injuries accurately portray the condition of the steps as of the time he tripped and fell, he offered no evidence other than the photographs themselves tending to establish the length of time during which the defect existed. For that reason the city cannot be charged with knowledge, either actual or imputed, of the existence of the defect, rendering it liable for negligence because of a failure to promptly repair it.