402 So.2d 1294 (1981)
Virginia HANNEWACKER, Appellant,
v.
CITY OF JACKSONVILLE BEACH, Appellee.
No. UU-79.
District Court of Appeal of Florida, First District.
August 13, 1981.
Steven E. Rohan, Jacksonville, for appellant.
C. Wayne Alford of Sinoff & Alford, Jacksonville, for appellee.
MILLS, Judge.
Following a jury verdict for Hannewacker in a slip-and-fall case, the trial court *1295 entered judgment for the City in accordance with its motion for directed verdict made during the trial.
Hannewacker was injured by a fall which occurred when she slipped and fell on a broken place in the edge of the curb while attempting to cross a city street.
She brought suit against the City alleging that it failed to keep public streets, street curbs, and sidewalks within its corporate limits in a reasonably safe and suitable condition for travel by the public.
At trial, Hannewacker adduced testimony by the Director of General Services for the City indicating that no work had been done in the area where the sidewalk was for at least two years, the period of time for which he had been responsible for the maintenance; that there was no regular inspection schedule for the repair of streets or sidewalks; that no one was responsible for inspection, and that the Department relied on complaints, phone calls, or irregular visual inspection in determining the existence of defects in need of repair. The Director stated, however, that he drove by the location in question three or four times a day. In addition, Hannewacker introduced photographs of the curb area which showed the broken section.
At the close of Hannewacker's case, the City made a motion for directed verdict. The trial court reserved ruling on the motion. After a jury verdict of $25,000 in favor of Hannewacker, the City renewed its motion for directed verdict and the trial court granted the motion and entered a final judgment for the City.
The issues raised before the trial court and here are (1) whether photographs constitute tangible evidence of the scene of the accident sufficient to raise an inference as to the length of time the defect was present and (2) whether the evidence presented was sufficient to allow the jury to infer that the City had constructive notice of the sidewalk defect and was negligent in allowing the defect to remain unrepaired.
In ruling on the motion, the trial court expressly relied on the City of Jacksonville v. Hampton, 108 So.2d 768 (Fla. 1st DCA 1959), which holds that photographs are not sufficient to raise an inference as to the length of time a defect has been present. The trial court ruled that since there was no other evidence concerning the length of time the defect existed, the City was entitled to judgment.
The trial court also stated that as to Hannewacker's contention that the length of time may be established or inferred from absence of inspection, the evidence failed to disclose the absence of any such inspection for any particular period of time prior to the accident and noted that the Director of General Services testified that defects were repaired when there were telephone calls or complaints or when he saw them while driving around. We agree with the trial court.
As to the use of photographic evidence, Hannewacker relies on Leon v. City of Miami, 312 So.2d 518 (Fla. 3d DCA 1975), a case which supports Hannewacker's position. In that opinion the court stated:
Evidence adduced at the hearing on summary judgment included a photograph of the sidewalk on which Mrs. Leon allegedly fell. The photograph was the only evidence presented which would show that the city knew or should have known of a defect in the sidewalk. However, it does constitute tangible evidence of the scene sufficient to raise an inference as to the length of time the defect was present, which is a jury question. If reasonable men might make justifiably different inferences and deductions and reach different conclusions from certain photographs, then it is the province of the jury to make such deductions and inferences.
The Leon case is in direct conflict with the opinion of this court on the issue, one which the trial court was constrained to follow and one to which we adhere. In City of Jacksonville v. Hampton, supra, this court held that photographs are admissible only when they are made a part of some qualified person's testimony and cannot be used, standing alone, to establish that alleged defects existed for a long period of time.
*1296 Since the photographs could not be used to establish constructive notice and there was no evidence in the record regarding the length of time the defect in the curb had existed, the grant of the directed verdict was proper. City of Jacksonville v. Hampton, supra.
Hannewacker's reliance on Bennett v. Mattison, 382 So.2d 873 (Fla. 1st DCA 1980), regarding the failure of the defendants in a slip-and-fall case to take reasonable care by not having an inspection procedure to discover water on the floor and clean it up, is misplaced. In that case the plaintiffs established that the defendants had received repeated verbal and written warnings that the hallway in question was slippery when wet and that water accumulated in the hallway on a daily basis. This court held that the repeated warnings put them on notice and created a jury question as to whether they exercised reasonable care to guard against foreseeable danger. In the instant case, Hannewacker failed to establish that the City had received any notice of the existence of the dangerous condition complained of and thereby failed to create a jury question as to the exercise of reasonable care to guard against a foreseeable danger.
Pursuant to Article V, Section 3(b)(4), Florida Constitution, we certify this decision to the Supreme Court as being in direct conflict with a decision of another district court of appeal.
AFFIRMED.
BOOTH and LARRY G. SMITH, JJ., concur.