669 P.2d 94

**Pennie J. MATTS, a single person, and Dale C. Burlingham, a single person, Plaintiffs-Appellants,**

v.

**The CITY OF PHOENIX, a municipal corporation, Defendant-Appellee.**

No. 1 CA–CIV 5955.

Court of Appeals of Arizona, Division 1, Department C.

March 3, 1983.

Rehearing Denied Apr. 7, 1983.

Review Granted June 14, 1983.

**118**

William B. Revis, Ltd. by Donald R. Crowell, Phoenix, for plaintiffs-appellants.

Jones, Teilborg, Sanders, Haga & Parks, P.C. by Donald C. Stevens II, Phoenix, for defendant-appellee.

## OPINION

BROOKS, Judge.

The sole question presented by this appeal is whether the trial court erred in directing a verdict for the defendant at the close of plaintiffs' case.

Plaintiffs/appellants Pennie J. Matts and Dale C. Burlingham filed a complaint in Maricopa County Superior Court against the City of Phoenix and others to recover damages for bodily injuries and property damage sustained when Burlingham drove his car into a deep hole on the right shoulder of 38th Avenue near the intersection of 38th Avenue and Missouri Avenue.[1] Appellants alleged that the city was negligent in failing to keep the roadway in a safe condition. This matter was tried to a jury and at the close of plaintiffs' case, the city moved for a directed verdict. The trial court granted the motion and entered judgment for the city. Matts and Burlingham filed a motion for new trial which was denied and they timely appealed. We affirm the trial court.

In determining whether a directed verdict in favor of the city was proper, we are guided by the well established principle that if the evidence, when viewed most favorably to the plaintiff, warrants submission of the matter to a jury on any theory presented, a directed verdict must be reversed. *Bailey v. Montgomery Ward and Co.,* 6 Ariz.App. 213, 217, 431 P.2d 108, 112 (1967). However, a directed verdict must be affirmed if any of the grounds on which the motion is based are sufficient and the result is the only one that could be reached as a matter of law. *Davis v. Weber,* 93 Ariz. 312, 380 P.2d 608 (1963); *Cowen v.*

*Valley Nat. Bank,* 67 Ariz. 210, 193 P.2d 918 (1948). A directed verdict for the defendant is proper where the plaintiff has introduced no evidence which would justify a reasonable person in returning a verdict in favor of the plaintiff. *Fruth v. Divito,* 26 Ariz.App. 154, 546 P.2d 1163 (1976); *Hildebrand v. Minyard,* 16 Ariz.App. 583, 494 P.2d 1328 (1972). We must therefore determine whether plaintiffs' evidence on the elements of negligence was sufficient to warrant submission to a jury.

The elements of actionable negligence are: a duty owed to the plaintiff, a breach thereof and an injury proximately caused by the breach. *Boyle v. City of Phoenix,* 115 Ariz. 106, 107, 563 P.2d 905, 906 (1977). A municipality owes the public a duty to keep its streets reasonably safe for travel, but it is not an insurer of those using the streets. *Wisener v. State,* 123 Ariz. 148, 150, 598 P.2d 511, 513 (1979); *Arizona State Highway Department v. Bechtold,* 105 Ariz. 125, 129, 460 P.2d 179, 183 (1969); *Phoenix v. Clem,* 28 Ariz. 315, 327, 237 P. 168, 172 (1925). For a municipality to be liable for failure to repair, it must have first received actual or constructive notice of the defect. *Wisener v. State, supra,* 123 Ariz. at 150, 598 P.2d at 513; *City of Phoenix v. Williams,* 89 Ariz. 299, 304, 361 P.2d 651, 655 (1961).

Appellants argue that they presented evidence from which a jury could find that the street in question was in an unreasonably dangerous condition and that the city had both actual *and* constructive notice of that condition. While we find that the record contains evidence of the size and location of a hole from which a jury could find the street to be in an unreasonably dangerous condition, we find no evidence from which reasonable minds could conclude that the city had either actual or constructive notice of the defect.

---

1. Appellants also sought recovery against the Salt River Valley Water Users Association. A directed verdict was granted in favor of that corporation at the close of plaintiffs' opening statement. No appeal has been taken from the judgment in favor of the Salt River Valley Water Users Association.

The sole evidence relied upon by appellants to prove that the city had *actual* notice of the hole is a notation in a street maintenance log of the City of Phoenix. This document shows that on April 4, 1979 a barricade was "replaced" at the intersection of 38th Avenue and Missouri. Appellants emphasize the word "replace" and argue that since there were no other notations with respect to a barricade at 38th Avenue and Missouri between the date of the accident, March 10, 1979, and April 4, 1979, a reasonable person could infer that a barricade had been placed in that location *prior* to the accident but had been moved on the night of the accident. Had the city placed the barricade at that location prior to the accident, it might be reasonable to infer that the city had actual knowledge of the hole in the roadway.

■ The city argues that the street maintenance logs do not indicate precisely where the barricade was placed or why it was placed or whether it related in any way to the hole in question. Further, there was no evidence that the barricade was ever in place prior to the accident. The city contends that the jury would have been engaging in sheer speculation if it had been permitted to consider a log notation made almost a month after the accident to establish actual knowledge of the defect by the city. We agree.

Even if the barricade had been "replaced" on April 4, 1979, it could have been originally placed *after* March 10, 1979. There were no probative facts that the barricade had been erected before the accident. It would have been improper for the trial court to permit the jury to draw speculative inferences which were not based on probative facts. *In Re Schade's Estate,* 87 Ariz. 341, 344, 351 P.2d 173, 175 (1960); *Casey v. Beaudry Motor Co.,* 83 Ariz. 6, 12, 315 P.2d 662, 666 (1957).

■ We next consider appellants' contention that they presented evidence of constructive notice. In order to establish constructive notice, appellants were required to introduce some evidence that the defect complained of had existed for a sufficient length of time from which it could be inferred that, by the exercise of reasonable diligence, the city should have known of the defect. *See City of Phoenix v. Brown,* 88 Ariz. 60, 65, 352 P.2d 754, 758 (1960); *City of Phoenix v. Weedon,* 71 Ariz. 259, 265, 226 P.2d 157, 161 (1950). Appellants rely on two items of evidence in that regard: (1) photographs of the hole and (2) a City of Phoenix street maintenance log entry which indicates that five tons of "ABC" were transported to 38th Avenue and Missouri on April 13, 1979.

We first address appellants' contention with respect to the photographs of the hole. Appellants argue that a jury could draw a reasonable inference based on the photographs that the hole had existed for a substantial period of time. They argue that the photographs demonstrate a large hole with rounded edges and conclude that the hole was "one slowly eroded by water runoff into the adjoining SRP Canal." Other than the photographs themselves, the only testimony concerning the hole was appellant Burlingham's testimony as to its size and the fact that the hole had rounded edges. We note that appellant attempted to give his own opinion that the hole had been there for some time; however, the trial court ordered that testimony stricken from the record.

Appellants rely on *Leon v. City of Miami,* 312 So.2d 518 (Fla.Ct.App.1975), as standing for the proposition that the photographs alone constitute tangible evidence of the scene sufficient to raise an inference as to the length of time that the hole was present. We note that another district of the Florida Court of Appeals disagreed with the *Leon* rationale, *Hannewacker v. City of Jacksonville Beach,* 402 So.2d 1294 (Fla.Ct. App.1981), and that the Florida Supreme Court addressed the issue in *Hannewacker v. City of Jacksonville Beach,* 419 So.2d 308 (Fla.1982).

In *Hannewacker,* the Florida Supreme Court noted that the normal procedure for entering evidence of the duration of a defect is through testimony of a witness with personal knowledge of the duration, or

through the opinion of an expert witness. The court further noted that it is a preferred procedure to require live testimony in addition to a photograph to support the critical element of time. The court found, however, that an admitted photograph can act as a "silent witness" in certain limited situations where the photograph, standing alone, can provide a basis for an inference of time. The court noted that several problems may arise when photographs are used for this purpose and then set forth the following guidelines:

If the photograph portrays a condition that has some distinguishing feature which clearly shows that the defect has existed for a long period of time,[2] it may afford the jury a basis to infer that a significant period of time has passed. If the photograph is ambiguous on this point and what is shown makes it questionable whether a significant period has passed, the jury would necessarily be required to indulge in speculation to determine the duration of the condition. In such a case the photograph without live testimony is insufficient. This is no different than if a witness testifies to the condition of a defect at the time of an accident and there are no distinguishing features or other testimony to indicate its duration. In such instance the trial judge is entitled to direct a verdict on the question of constructive notice. Since that is the law in effect for testimonial evidence, it should be the same when the witness is a photograph. But there are photographs which may constitute tangible evidence of the scene of an accident sufficient to raise an inference as to the length of time the defect was present. While this depends entirely on the condition sought to be depicted, the photograph must clearly demonstrate that a significant period of time has passed.

419 So.2d at 311–12.

The *Hannewacker* court held that from the photographs that depicted a chipped street curb, the jury could only guess or speculate as to how long the defect had existed. The trial court found that the photographs were insufficient to raise an inference as to the duration of the defect and the Florida Supreme Court held that the trial court correctly directed a verdict for the defendant.

■ We agree with the reasoning of the Florida Supreme Court in *Hannewacker* and we similarly find that the photographs in the present case, standing alone, do not demonstrate that a significant period of time has passed. Appellants presented no testimony of a witness with personal knowledge of the length of time which the hole had existed and they presented no expert opinions on this issue. No evidence of weather conditions during relevant time periods was presented, nor was any evidence presented of the amount of water flowing into an adjacent irrigation ditch. As noted above, the only evidence regarding the hole was appellant Burlingham's testimony as to its size and the fact that the hole had rounded edges. The photographs in the present case do not have a distinguishing feature which shows that the hole had been present for a sufficient period of time to give the city constructive notice of its existence. The jury would have been required to indulge in sheer speculation to determine the duration of the condition.

Appellants also contend that *County of Harris v. Eaton,* 561 S.W.2d 245 (Tex.Civ. App.1978), *aff'd* 573 S.W.2d 177 (1978), sup-

---

2. The court set forth the following cases as examples of situations where the admitted photograph portrayed a distinguishing feature which clearly showed that the defect had existed for a long period of time: *Clark v. City of Berkeley,* 143 Cal.App.2d 11, 299 P.2d 296 (1956) (sidewalk was dilapidated and fragmented with grass and weeds growing through the cracks); *Van Dorn v. City & County of San Francisco,* 103 Cal.App.2d 714, 230 P.2d 393 (1951) (settled and sunken areas in paving stones could not have arisen suddenly); *Word v. City of St. Louis,* 617 S.W.2d 479 (Mo.App. 1981) (jury could have reasonably inferred that the defect had been present long enough for the metal to rust and the cracks to appear); *Taylor v. New York City Transit Auth.,* 48 N.Y.2d 903, 400 N.E.2d 1340, 424 N.Y.S.2d 888 (1979) (the irregularity, width, depth and appearance of the defect apparent from the concrete surface exhibited such a length of time).

ports their position. We disagree. The photograph in *Eaton* depicted a hole which spanned almost the entire width of a road. There was additional testimony in *Eaton* that governmental employees traveled the roads in their jurisdiction daily and were under a duty to report holes or other defects. The court noted that it was apparent from the photograph that the hole must have been present for several days and thus would support an inference that the daily inspection had not occurred in that area. There is no evidence in the present case of a duty on the part of the City of Phoenix to make a daily inspection of all of the roads under its control.

Contrary to appellants' contention, we do not find the facts of this case analogous to *Tom v. S.S. Kresge Co.*, 130 Ariz. 30, 633 P.2d 439 (1981). In that case evidence of a damp area on the floor of a store was held to support an inference that liquid had remained on defendant's floor for a sufficient period of time to either partially evaporate or be absorbed. However, this inference was permitted because there was also testimony that the defendant's store had provided soft drinks for its patrons to drink and that spills had occurred.

We finally consider appellants' argument that another street maintenance log entry also leads to a reasonable inference that the hole had been in existence for a substantial period of time. The log entry provides:

4–13–79. 38 Ave & Missouri S.W. corner, fill wash out, 5 ton ABC

"ABC" is a mixture of sand and rock that is used as a base for streets. Appellants elicited testimony that five tons of ABC constitute a volume of approximately six feet by six feet by six feet. However, there was no evidence introduced concerning where the ABC was used. It was not established that this amount of fill was used in the hole. The log simply supports an inference that this material was transported to 38th Avenue and Missouri more than a month after the date of the accident. There was no evidence from which the jury could infer over what area this material was placed.

Again, appellants simply failed to introduce sufficient probative evidence to reach the jury.

Having concluded that appellants failed to present sufficient evidence to reach the jury on the issues of actual or constructive notice of the defect in the roadway, we conclude that the trial court correctly directed a verdict in favor of the City of Phoenix and denied appellants' motion for new trial.

Judgment affirmed.

JACOBSON, P.J., and OGG, J., concur.