839 P.2d 422

**Rena Marie COOLEY, Plaintiff–Appellant,**

v.

**ARIZONA PUBLIC SERVICE COMPANY, an Arizona corporation, Defendant–Appellee.**

**No. 1 CA–CV 89–120.**

Court of Appeals of Arizona, Division 1, Department D.

July 25, 1991.

Rena Marie Cooley, pro se.

Arizona Public Service Co. Law Dept. by Janice Harrison Moore, Phoenix, for defendant-appellee.

## OPINION

KLEINSCHMIDT, Judge.

Rena Marie Cooley sued Arizona Public Service Co. (APS) to recover for injuries she received when she tripped and fell over a raised area on the sidewalk abutting an APS building in Phoenix. She estimated that where she fell, the sidewalk was raised about ¾ of an inch to one inch.

The trial court granted summary judgment in favor of APS, holding that the condition of the sidewalk did not constitute a defect; that to the extent the sidewalk was defective, it was obvious to Cooley who had used the sidewalk for several years; and that APS did not have notice of the condition. We reverse.

### EXISTENCE OF DEFECT IS A JURY QUESTION

If reasonable minds can differ as to whether a sidewalk is defective, the question is one for the jury. *City of Phoenix v. Weedon,* 71 Ariz. 259, 264, 226 P.2d 157, 160 (1950); *Dillow v. City of Yuma,* 55 Ariz. 6, 10–11, 97 P.2d 535, 537 (1940). In

*Weedon,* the court upheld a jury verdict for the plaintiff based on evidence that a raised area in a sidewalk was ⅞ inch in height. Thus, in the case before us, the trial judge erred in finding, as a matter of law, that the sidewalk was not defective.

## WHETHER DEFECT IS OBVIOUS IS A JURY QUESTION

■ The trial judge erred in finding, as a matter of law, that the condition of the sidewalk was so obvious that APS could not be liable for the plaintiff's injury. This, too, is an issue for the jury. *See Miller v. George F. Cook Constr. Co.,* 91 Ariz. 80, 83, 370 P.2d 53, 55 (1962).

## CONSTRUCTIVE NOTICE OF DEFECT IS A JURY QUESTION

■ Cooley does not contend that APS had actual notice of the raised area, so she must show that it had constructive notice. *See Wisener v. State,* 123 Ariz. 148, 150, 598 P.2d 511, 513 (1979); *City of Phoenix v. Williams,* 89 Ariz. 299, 304, 361 P.2d 651, 655 (1961); *Matts v. City of Phoenix,* 137 Ariz. 116, 118, 669 P.2d 94, 96 (App. 1983). To raise a disputed question of material fact on the issue of constructive notice, Cooley must produce evidence from which it can be inferred that the raised area existed long enough that APS, by the exercise of reasonable diligence, should have known about it. *See Weedon,* 71 Ariz. at 265, 226 P.2d at 161.

■ In our opinion, the very nature of a defect such as this, which a jury could find is neither transitory nor one that usually arises suddenly, is enough to support an inference that it had been in existence for sufficient time to put APS on notice. Since we find no Arizona cases which are factually similar to this one, we look to decisions from other states. Most closely on point is *Bodeman v. Shutto Super Markets,* 197 Colo. 393, 593 P.2d 700 (1979). There, the plaintiff was injured when the shopping cart she was pushing overturned on an asphalt ramp leading from the sidewalk in front of a grocery store to a parking lot. The evidence showed that the accident was caused by a hole in the ramp that was four

inches wide and two inches deep. The jury found for the plaintiff, but the Colorado Court of Appeals set aside the verdict because the plaintiff had produced no evidence to show how long the hole had been in existence. The Supreme Court of Colorado reversed and reinstated the verdict in favor of the plaintiff. It observed that constructive notice of a dangerous condition need not be proved by direct evidence, and the very nature of the defect can be considered on the question of how long the condition existed. It quoted with approval from the dissent filed in the court of appeals:

> The character of the defect may affect the legal consequences flowing from it. From the very nature of the defect here, the jury could and did infer that it had existed for a period of time sufficient for the proprietor to become aware of it and repair or warn customers of it.
>
> ... Ordinarily, a hole like this one ... does not develop suddenly. This inference is not mere wild speculation but is based on matters within the realm of common human experience and therefore plaintiff's case should have survived a motion for directed verdict.

The Colorado Supreme Court then went on to say that this was not a case in which the transitory nature of the condition gave rise to a grave doubt as to whether the defendant could have discovered it, and the court held that there was an issue of fact as to whether the defendant did have constructive notice.

Other cases support the same conclusion. For example, in *Parker v. DeWitt County Housing Authority,* 57 Ill.App.3d 973, 15 Ill.Dec. 334, 373 N.E.2d 680 (1978), the plaintiff was injured when a hole surrounding a drain in the defendant's yard caused him to trip and fall. The court, observing that reasonable inferences could be drawn either way, held that whether the defendant had constructive notice of the existence of the hole was a question for the jury.

In *Hascup v. City and County of Honolulu,* 2 Haw.App. 639, 638 P.2d 870 (1982),

the plaintiff caught her heel in a hole in a sidewalk, causing her to fall. She introduced two pictures of the hole into evidence. The report of the case mentions nothing about what those pictures showed as to what the hole looked like. The court held that the city was not entitled to a directed verdict, saying that the length of time a condition must exist before it can be inferred that the defendant had constructive notice of it is ordinarily a question for the jury.

At least one case we are aware of imposes an even more relaxed standard on the plaintiff. In *Mims v. Jack's Restaurant,* 565 So.2d 609 (Ala.1990), the plaintiff tripped on a metal threshold that was raised above the floor about ½ inch. An inspection of the threshold following the accident showed that several screws securing the threshold were missing. The Supreme Court of Alabama, without going into detail, held that once the plaintiff has proven a defect, the question of actual or constructive notice is for the jury, regardless of whether the plaintiff has shown that the defendant had or should have had notice of the defect at the time of the accident.

The possible inference of constructive notice that arises from the nature of the defect in this case is made even stronger by the plaintiff's testimony that she had walked to First Interstate Bank once a week for approximately seven years, although she did not necessarily walk on the sidewalk where she fell. She did state, however, that prior to her fall she had noticed that the sidewalks were "all pretty bad over there."

### EFFECT OF THE CITY CODE

■ Because this case must be tried, we will address the plaintiff's argument that the Phoenix City Code imposes liability on APS regardless of whether it had actual or constructive notice of the condition of the sidewalk. The argument requires a consideration of the Phoenix City Code, Streets and Sidewalks, Article IV, Sections 31-54, 31-55, and 31-56. Those provide:

Section 31-54: *Duties of abutting property owners.*

It shall be the duty of the owner or the lessee of any lot or parcel abutting upon any sidewalk now or hereafter constructed in the City to keep and maintain such sidewalk in repair.

Section 31-55: *Liability of abutting property owners for defective sidewalk.*

Any owner of any lot or parcel of land abutting on any sidewalk of the City who fails to keep the same in repair, shall be liable for any damage on account of any injury that may be occasioned by reason of the defective condition or want of repair of any sidewalk within the City.

Section 31-56: *Procedure for repairing sidewalks generally.*

Whenever any sidewalk in the City shall become defective, the City Engineer shall notify the owner of the abutting property of such defective condition and shall notify the owner to immediately repair such sidewalk and unless immediate steps are taken by the owner to repair the sidewalk, the City shall proceed to repair the sidewalk and tax the cost of such repair to the abutting property owner and make such cost a lien upon the property abutting on the sidewalk ...

The plaintiff contends that since these provisions say nothing about the owner's liability being contingent on notice of the defect, she need not prove that APS had either actual or constructive notice to recover. We disagree. The code is intended to impose the primary duty on landowners to keep the sidewalks abutting their property in repair and to afford the city a means of protecting itself against liability by undertaking repairs and charging them to the owner when the owner refuses to do so. We do not believe that the code was intended to impose absolute liability on landowners, thereby negating the law of negligence as it is enunciated in such cases as *Matts v. City of Phoenix, Wisener v. State* and *City of Phoenix v. Williams.* The code does not clearly say that notice is not required, and statutory enactments should be construed as consistent with the common law if possible. *Farnsworth v.*

*Hubbard,* 78 Ariz. 160, 168, 277 P.2d 252, 258 (1954).

The judgment of the trial court is reversed and this case is remanded for further proceedings.

CLABORNE, J., concurs.

McGREGOR, Judge, concurring in part and dissenting in part:

I respectfully dissent from the majority's conclusion that Cooley presented sufficient evidence of a sidewalk defect to raise a disputed issue of material fact as to APS's constructive notice of the defect and concur in the remainder of the opinion.

### I.

In reviewing a grant of summary judgment, we view the facts and the record in the light most favorable to the party opposing the motion. *Granite State Insurance Corp. v. Mountain States Telephone and Telegraph Co.,* 117 Ariz. 432, 573 P.2d 506 (App.1977). Summary judgment or a directed verdict is proper "if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Orme School v. Reeves,* 166 Ariz. 301, 802 P.2d 1000 (1990). In this case, the majority concluded that, based on the evidence presented, reasonable jurors could find that APS had constructive notice of the defect in the sidewalk. I disagree.

As the majority states, to raise a disputed issue of fact on the issue of constructive notice, an essential element of Cooley's claim against APS, the evidence presented must permit a jury to infer that the raised area of the sidewalk existed for such a length of time that APS, by exercising reasonable diligence, should have known of the defect. *City of Phoenix v. Weedon,* 71 Ariz. 259, 265, 226 P.2d 157, 161 (1950). If the quantum of evidence would not permit a reasonable person to reach that conclusion, we should affirm the judgment entered by the trial court. *Walker v. Montgomery Ward & Co., Inc.,* 20 Ariz.App.

255, 511 P.2d 699 (1973); *Matts v. City of Phoenix,* 137 Ariz. 116, 669 P.2d 94 (App. 1983).

In cases of this nature, the usual procedure for establishing the duration of a defect is through testimony of a witness with personal knowledge or through the opinion of an expert witness. *Hannewacker v. City of Jacksonville Beach,* 419 So.2d 308 (Fla.1982). In *Weedon,* for instance, testimony from the plaintiff and another witness described the nature of the defect and asserted that the defect had existed for eight months to two years. That evidence provided sufficient basis for submitting the issue of constructive notice to the jury because the circumstances were such that reasonable jurors could draw more than one inference from the evidence. Similarly, in *City of Phoenix v. Brown,* 88 Ariz. 60, 352 P.2d 754 (1960), the opinion testimony of the plaintiff's witness concerning the length of time he thought a defect in a city street had existed was sufficient to raise an issue as to whether the defect had existed long enough to permit the city to discover it and therefore to avoid defendant's motion for a directed verdict. When no evidence sufficient to permit an inference that a defendant had constructive notice of a defect is presented, however, summary judgment or a directed verdict should be granted. In *Matts v. City of Phoenix,* the plaintiffs relied upon photographs of a hole in a city street and records showing that the city delivered several tons of fill to the area of the hole approximately one month after plaintiffs' injury. Plaintiffs presented no testimony from a witness with personal knowledge of the length of time the hole existed and no expert opinion on that issue. Instead, the plaintiffs relied upon a photograph of the hole and testimony about its size and shape to establish the city's constructive knowledge of the defect. This court affirmed entry of a directed verdict in favor of the city, concluding that plaintiffs failed to introduce "some evidence that the defect complained of had existed for a sufficient length of time from which it could be inferred that, by the exercise of reasonable diligence, the city should have known of the defect". *Id.* at

119, 669 P.2d at 97. In *Hannewacker*, the plaintiff relied upon a photograph of chipped street curb that caused the plaintiff to fall to raise an inference that the defect had existed long enough to give the defendant constructive notice. The court held that such evidence, which required the jury to guess as to how long the defect had existed, was insufficient to raise an inference as to the duration of the defect.

Viewing the record in the light most favorable to Cooley, I would conclude that she failed to present sufficient evidence to permit an inference of constructive notice. In proceedings before the trial court, Cooley simply did not respond to the argument that she had failed to raise an issue of material fact on the issue of notice. Rather, Cooley argued that she was not required to show either actual or constructive notice because the Phoenix City Code imposes absolute liability on landowners for defects in sidewalks that abut their property.[1]

The only facts of record on which Cooley now relies to raise a factual issue are (1) that she fell and sustained injury on the sidewalk outside the APS office and (2) that there was a three-quarters to one-inch rise in the sidewalk. Cooley produced no evidence of the length of time the defect existed prior to her fall or any other evidence indicating that APS had constructive notice of the condition. The most the evidence of record can establish is that Cooley fell and sustained injury on a sidewalk that APS was charged with maintaining.

The mere existence of a defect or occurrence of an accident, however, simply is not sufficient to establish negligence on the part of the party responsible for maintaining the premises. *See, e.g., Preuss v. Sambo's of Arizona, Inc.*, 130 Ariz. 288, 635 P.2d 1210 (1981); *Walker v. Montgomery Ward & Co., Inc.*, 20 Ariz.App. 255, 511 P.2d 699 (1973). On this record, a jury could only guess whether the defect in the sidewalk arose suddenly or developed over a period of time sufficient to give APS constructive notice that the defect existed. Such speculation on the part of the jury is impermissible. *Preuss v. Sambo's of Arizona, Inc.*, 130 at 290, 635 P.2d at 1212.

## II.

The majority actually does not conclude that Cooley presented evidence sufficient to justify an inference of notice. Rather, the majority bases its holding upon the factual statement that the sidewalk defect, *by its very nature*, is "neither transitory nor of a type that usually arises suddenly." Because the record is devoid of any evidence addressing the question whether this type of defect is transitory or of a type that usually arises suddenly, this court can make such a factual determination only if the fact is one of which we can take judicial notice. Taking judicial notice is appropriate only when a fact is so notoriously true as not to be subject to reasonable dispute or is capable of immediate accurate demonstration. *Bade v. Drachman*, 4 Ariz.App. 55, 417 P.2d 689 (1966). We use the concept of judicial notice sparingly, and most frequently to acknowledge scientific facts and principles, *City of Phoenix v. Breuninger*, 50 Ariz. 372, 72 P.2d 580 (1937), or geographic facts. *Corporation Comm'n v. Southern Pacific Co.*, 67 Ariz. 87, 191 P.2d 719 (1948).

The reasons for which defects develop in sidewalks and the length of time required for defects to develop do not, in my view, involve facts so notoriously true as to not be subject to dispute. Multiple factors presumably could cause a sidewalk defect to occur. For example, a rise in a sidewalk may occur gradually due to changing weather conditions or shifts in the subsoil. Alternatively, a rise in a sidewalk could be caused instantaneously if a heavy vehicle, such as a cement truck, drove over the walkway. Because answers to questions involving the cause of the rise and the length of time it existed prior to Cooley's fall depend upon facts not notoriously true, taking judicial notice that the condition was

---

1. The majority, in a holding with which I concur, rejects Cooley's argument that a landowner is subject to strict liability and concludes that no liability can be imposed upon APS unless Cooley establishes that APS had actual or constructive notice of the defect.

neither transitory nor of a type that occurs suddenly was improper. *Bade v. Drachman,* at 68, 417 P.2d at 702. Absent some evidence from eye witnesses or expert witnesses, this court cannot know the cause of the defect or the length of time it existed, and we cannot fill that gap in our knowledge by taking judicial notice of facts open to dispute.

For the foregoing reasons, I would affirm the judgment of the trial court.