NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JOHN HOYT FULLEN, *Appellant*.

No. 1 CA-CR 22-0315
FILED 3-14-2023

Appeal from the Superior Court in Yavapai County
No.  P1300CR202000574
The Honorable Krista M. Carman, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Law Offices of Stephen L. Duncan, Scottsdale
By Stephen L. Duncan
*Counsel for Appellant*

## MEMORANDUM DECISION

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Kent E. Cattani joined.

**C R U Z**, Judge:

**¶1**        This appeal was filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969).  Appellant John Hoyt Fullen appeals his conviction and sentence for one count of tampering with a witness, a class 6 felony.  Counsel for Fullen has advised this court that counsel found no arguable questions of law and asks us to search the record for fundamental error.  Fullen has been afforded an opportunity to file a supplemental brief *in propria persona* and has done so.  After reviewing the record, we affirm Fullen's conviction and sentence but modify the superior court's sentencing order to correct a typographical error and thereby confirm the superior court's ruling that Fullen is a repetitive offender.

## FACTUAL AND PROCEDURAL HISTORY

**¶2**        We view the evidence in the light most favorable to sustaining the verdict, resolving all reasonable inferences against Fullen.  *See State v. Rienhardt*, 190 Ariz. 579, 588-89 (1997).  In April 2020, F.R. contacted the Prescott Police Department and alleged Fullen sexually assaulted her.  The State charged Fullen with sexual assault.

**¶3**        About a year later, F.R. was contacted by a woman named Jackie, whose son, R.C., was in jail with Fullen.  Jackie tried to persuade F.R. not to testify against Fullen.

**¶4**        In February 2022, a grand jury indicted Fullen on two additional counts—conspiracy to commit fraudulent schemes and artifices (count 2)[1] and tampering with a witness—F.R. (count 3).

**¶5**        Among other witnesses at trial, F.R. and R.C. testified.  R.C. testified that Fullen asked him to have Jackie contact F.R. and talk her out

---

[1]        The State alleged Fullen schemed with R.C. to have a third individual set up a fraudulent Facebook account in F.R.'s name to create evidence Fullen could use to defend against the sexual assault charge.

of testifying at trial. R.C. testified Fullen wanted Jackie to hide F.R. at Jackie's house until the trial was over, and that Fullen would pay F.R. if she did so. F.R. testified she was contacted by Jackie, who tried to persuade her not to testify against Fullen. F.R. testified the conversation with Jackie caused her to feel threatened, and she reported the conversation to police.

¶6　　　　At the close of the state's evidence, the superior court granted Fullen's Arizona Rule of Criminal Procedure ("Rule") 20 motion to dismiss count 2. The court denied Fullen's Rule 20 motions as to counts 1 and 3. The jury convicted Fullen of tampering with a witness, a class 6 felony, and acquitted him of sexual assault.

¶7　　　　After a trial on Fullen's prior felony convictions, the superior court sentenced Fullen as a category three repetitive offender to a presumptive term of 3.75 years in prison, and gave him credit for 138 days of presentence incarceration. *See* Arizona Revised Statutes ("A.R.S.") section 13-703(C), (J).

¶8　　　　Fullen timely appealed. We have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and A.R.S. §§ 12-120.21(A), 13-4031, and -4033(A)(1).

**DISCUSSION**

¶9　　　　We review Fullen's conviction and sentence for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Fullen has advised this court that after a diligent search of the record counsel has found no arguable question of law. We have read and considered counsel's brief and Fullen's supplemental brief.

¶10　　　　In his supplemental brief, Fullen argues his trial counsel was ineffective, the superior court erred in determining his sentence and presentence incarceration credit and by admitting certain exhibits, the State presented improper expert testimony and misled and prejudiced the jury during closing argument, and insufficient evidence supported the conviction.

¶11　　　　First, Fullen's ineffective assistance of counsel claim may not be resolved on direct appeal, and we do not address it. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

¶12　　　　Fullen argues the superior court erred by admitting exhibits 33 and 55—letters R.C. provided to law enforcement that R.C. claimed he had received from Fullen—into evidence because they only pertained to

count 2. Even if that is so, the court admitted those exhibits into evidence after Fullen stipulated to their admission and before the court dismissed count 2 at the close of the State's evidence. We find no error, fundamental or otherwise.

¶13 Fullen argues the State's witness, Detective Hanna, gave improper expert witness testimony when he "speculated that there was a possibility that the handwriting [in exhibits 33 and 55] was Mr. Fullen's." Detective Hanna, who was trained in handwriting analysis, testified that after being provided copies of the letters, he took steps to verify they had been written by Fullen, including comparing the writing in the letters with copies of Fullen's motor vehicle records containing his handwriting. As noted above, Fullen did not object to the admission of exhibits 33 and 55, and he also did not object to Detective Hanna's testimony about handwriting comparison. We find no reversible error.

¶14 Fullen argues the State engaged in intentional "misconduct"[2] during closing argument by misstating the facts, giving an incorrect definition of reasonable doubt, and by referring to him as a "predator." Fullen fails to cite to the record for these arguments and does not indicate which facts he believes the prosecutor misstated. *See* Ariz. R. Crim. P. 31.10(a)(7)(A). We note, however, that the prosecutor's discussion of reasonable doubt comported with the law as well as the superior court's final jury instruction on the burden of proof. Further, Fullen immediately objected when the prosecutor began a sentence with "[p]redators like the Defendant in this case," and the superior court sustained the objection and struck the comment. We find no reversible error.

¶15 The superior court properly sentenced Fullen to the presumptive sentence of 3.75 years in prison after finding he had two historical prior felony convictions and was a category three repetitive offender. *See* A.R.S. § 13-703(C), (J). The court's minute entry order erroneously has a box checked "nonrepetitive." This is a typographical error, and we order it corrected without remanding to the superior court. *See State v. Bowles*, 173 Ariz. 214, 216 (App. 1992); *State v. Stevens*, 173 Ariz.

---

2       As our supreme court has explained, the term "prosecutorial misconduct" broadly encompasses any conduct that violates a defendant's constitutional rights and "sweeps in prosecutorial conduct ranging from inadvertent error or innocent mistake to intentional misconduct." *State v. Murray*, 250 Ariz. 543, 548, ¶ 12 (2021) (quoting *In re Martinez*, 248 Ariz. 458, 469, ¶ 45 (2020)).

494, 496 (App. 1992). Because Fullen spent 138 days in custody on the tampering with a witness charge, the court did not err in determining his presentence incarceration credit. *See* A.R.S. § 13-712(B) ("All time actually spent in custody **pursuant to an offense** until the prisoner is sentenced to imprisonment for such offense shall be credited against the term of imprisonment . . . .") (emphasis added).

¶16        We have read and considered counsel's brief and Fullen's supplemental brief, and we have fully reviewed the record for reversible error and find none. *See Leon*, 104 Ariz. at 300. All proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. Sufficient evidence supported the jury's verdict, and Fullen was present and represented by counsel at all critical proceedings. The sentence imposed was within the statutory guidelines. Accordingly, we affirm Fullen's conviction and his sentence, as modified.

¶17        Upon the filing of this decision, defense counsel shall inform Fullen of the status of the appeal and his future options. Counsel has no further obligations, unless upon review counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Fullen will have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

¶18        For the foregoing reasons, we affirm Fullen's conviction and his sentence, as modified.



AMY M. WOOD • Clerk of the Court
FILED:    AA