598 P.2d 511

Jean A. WISENER and Joanne Wisener, husband and wife, and surviving parents of Mark Arthur Wisener, Deceased, Appellants,

v.

STATE of Arizona, Appellee.

No. 13926.

Supreme Court of Arizona, In Banc.

July 27, 1979.

O'Connor, Cavanagh, Anderson, West-over, Killingsworth & Beshears, P. C., by Richard McC. Shannon, P. Michael Whipple, Phoenix, for appellants.

Robert K. Corbin, Atty. Gen., Bruce E. Babbitt, former Atty. Gen., Phoenix, Jones, Teilborg, Sanders, Haga, Parks & Stephenson, by James A. Teilborg, Linda A. Drake, James R. Broening, Special Asst. Attys. Gen., Phoenix, for appellee.

GORDON, Justice:

This is an appeal from a judgment of the Superior Court granting the State of Arizona's motion for summary judgment against Jean and Joanne Wisener, the surviving parents of Mark Arthur Wisener, deceased. Taking jurisdiction pursuant to 17A A.R.S., Arizona Rules of Civil Appellate Procedure, rule 19(e), we reverse the judgment of the Superior Court.

This action arises out of a one car accident that occurred on March 18, 1973 at approximately 10 p. m. on Interstate 8, approximately fourteen miles east of Dateland, Arizona. Appellants' son, Mark Wisener, was driving west on the interstate with a passenger when he came upon a cow in the roadway. He swerved to avoid the animal. His car overturned, and he died shortly thereafter from the injuries he sustained.

Land in the vicinity of Interstate 8 was being used for grazing, and the State of Arizona had erected access control fences along the highway at the site of the accident. Appellants' complaint alleges negligent design, construction and maintenance of the state fencing.

J. D. Dutton, Inc., hereinafter referred to as Dutton, was constructing a rest area for the State, on Interstate 8 near the site of the accident. The company had done some relocating of the state's fencing to encircle its construction site and had built temporary access gates and a cattle guard. Several weeks before this accident, cattle had gained access to the interstate, allegedly because of Dutton's negligence in leaving one of its gates open. The depositions in this case, however, reveal no indication that negligence on the part of Dutton provided access to the interstate for the cow that Mark Wisener swerved to miss.

Appellants' complaint named both the State of Arizona and Dutton as defendants. Dutton's motion for summary judgment, however, was granted by the trial court, and affirmed in a memorandum decision of the Court of Appeals. The subsequent granting of a similar motion made by the State of Arizona is the subject of this appeal.

In reviewing the granting of a summary judgment, the evidence must be viewed in a light most favorable to the losing party, with that party being given the benefit of all favorable inferences that may be reasonably drawn from the evidence. If, when viewed in this manner, reasonable men could reach different conclusions as to whether there is a genuine issue as to any material fact, the judgment must be reversed. *Livingston v. Citizen's Utility, Inc.,* 107 Ariz. 62, 481 P.2d 855 (1971). That is to say, the litigants are entitled to a trial when there is the slightest doubt as to the essential facts. *Geiler v. Arizona Bank,* 24 Ariz.App. 266, 537 P.2d 994 (1975).

Appellee, the State of Arizona, contends that even if all factual discrepancies are resolved in appellants' favor, the appellants fail, as a matter of law, to prove negligence on the part of the state. The elements of actionable negligence are a duty owed to the plaintiff, a breach thereof and an injury proximately caused by the breach. *Boyle v. City of Phoenix,* 115 Ariz. 106, 563 P.2d 905 (1977).

Initially, the state asserts that summary judgment was proper, because the evidence fails to show that the state owed a

duty to the decedent, because the state never received adequate notice that cattle were escaping onto the interstate due to a defect in the state's fencing. The standard of care required of the State in keeping its highways safe is the same as that of a municipality. *Delarosa v. State*, 21 Ariz.App. 263, 518 P.2d 582 (1974). The standard of care imposed upon a municipality is that of an ordinarily prudent man. It is bound to keep its streets reasonably safe for travel, but it is not an insurer of those who travel thereon. *Phoenix v. Clem*, 28 Ariz. 315, 237 P. 168 (1925). For a municipality to be liable for a failure to repair, it must have first received actual or constructive notice of the defect. *Phoenix v. Williams*, 89 Ariz. 299, 361 P.2d 651 (1961). However, if the city itself caused the defect, *Vegodsky v. Tucson*, 1 Ariz.App. 102, 399 P.2d 723 (1965), or if the repairs or improvements were defective when made, *Clem, supra*, notice of the defects is not a prerequisite to holding the municipality liable.

Appellants' complaint asserts that not only was the state negligent in maintaining its highway fences, but also that the fences were negligently designed and constructed. These latter two contentions are supported by the affidavit of James Deatherage, a consulting engineer who examined the highway fencing conditions at the site of the accident and the state's plans and drawings with respect to the design and construction of these same fences. Mr. Deatherage's affidavit asserts that the state did not construct fencing in the manner prescribed by the plans and that consequently construction fell below an acceptable standard of care. He also asserts that the state's fencing did not meet the definition of a lawful fence, pursuant to A.R.S. § 24–501, and was not constructed in accordance with acceptable construction standards.

The state has made no efforts to challenge the affidavit of this expert witness. Because it can be inferred from Mr. Deatherage's affidavit that the state was negligent in its design and construction of highway fencing, we need not consider whether the state received adequate notice of the defect. The record adequately supports appellant's contention that the state owed a duty to their decedent, without benefit of notice of the defective fencing. *Clem, supra; Vegodsky, supra*.

The state also asserts that summary judgment was proper, because even with all factual discrepancies resolved in appellants' favor, appellants are unable to prove causation. That is to say, the state argues that summary judgment was proper, because appellants cannot show exactly where the cow gained access to the interstate. We disagree.

■ On the issue of causation, the plaintiff must introduce evidence that affords a reasonable basis for the conclusion that it is more likely than not that defendant's conduct was a substantial factor in bringing about the result. Plaintiff is not required to prove his case beyond a reasonable doubt, and he need not negate entirely the possibility that the defendant's conduct was not a cause. *Purcell v. Zimbelman*, 18 Ariz. App. 75, 500 P.2d 335 (1972).

"If as a matter of ordinary experience a particular act or omission might be expected, under the circumstances, to produce a particular result, and that result in fact has followed, the conclusion may be permissible that the causal relation exists. Circumstantial evidence, expert testimony, or common knowledge may provide a basis from which the causal sequence may be inferred. * * * Such questions are peculiarly for the jury; * * * [and] are questions on which a court can seldom rule as a matter of law. *And whether the defendant's negligence consists of the violation of some statutory safety regulation, or the breach of a plain common law duty of care, the court can scarcely overlook the fact that the injury which has in fact occurred is precisely the sort of thing that proper care on the part of the defendant would be intended to prevent,* and accordingly allow a certain liberality to the jury in drawing its conclusion." W. PROSSER, LAW OF TORTS § 41, 242–243 (4th Ed. 1971) (Emphasis added.)

A review of the evidence, in a light most favorable to appellants, reveals several locations from which the cow could have gained access to the interstate. There is evidence that the top wire of the fencing, near the accident site, was either sagging or down and that there were tracks on both sides of the fencing at this point. There is also evidence that the median fencing between the lanes of the highway was in a state of disrepair, and as discussed previously, there is evidence that the general construction and design of the fencing was inadequate. Mr. Deatherage's contention that the state violated A.R.S. § 24–501, and the depositions that indicate that the state violated its duty of care by not keeping its streets reasonably safe for travel, provide us with the type of evidence to which Prosser refers when he asserts that "a certain liberality should be allowed to the jury in drawing its conclusion." PROSSER, supra, at 243.

Although the complaint named both Dutton and the state as defendants, the evidence is devoid of any indication that the cow escaped by way of Dutton's negligence. Moreover, the granting of Dutton's motion for a summary judgment is res judicata to any assertion that Dutton was negligent. The state's brief suggests that the cow could have gained access to the interstate as a result of the actions of third parties. The record, however, reveals no evidence in support of this assertion. We are left, then, with several possible means by which the cow could have gained access to the interstate. All of those remaining are at least arguably the product of the state's negligence.

This is, therefore, not a situation in which the probabilities of causation are "evenly balanced." W. PROSSER, LAW OF TORTS § 41, 241 (4th Ed. 1971). The scales of evidence have been tipped enough for the jury to find by a preponderance of the evidence that the state's negligence caused the accident. See Johnson v. Harris, 23 Ariz.App. 103, 530 P.2d 1136 (1975). It matters not that the facts reveal more than one manifestation of the state's negligence that could have caused the accident. This merely renders us unable to hold as a matter of law that the death could not have been caused by any negligence of the state. See Figueroa v. Majors, 85 Ariz. 345, 338 P.2d 803 (1959); Fluor Corp. v. Sykes, 3 Ariz. App. 211, 413 P.2d 270 (1966).

Accordingly, the judgment of the trial court granting the state's motion for summary judgment is reversed and the case is remanded for proceedings not inconsistent with this opinion.

STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concurring.

Note: Chief Justice JAMES DUKE CAMERON did not participate in the determination of this matter.