720 P.2d 542

Lucie **PEARCE;** Louie **Hochhausan;** Tom **Carleton;** **Co-Operative Trust Company;** Halford **Hide & Leather Co., Ltd.;** Germaine M. **Cartier;** Clare **Kindy;** Ron **Lamb;** Majorie Jane **Bruce;** Charles **Mahe;** Laura **Mahe;** **Ray-Don Services Ltd.;** Vito **Zaccaria;** Frances **Zaccaria;** and Roy **Kinsey, Plaintiffs-Appellants,**

v.

H. Norman **STONE;** and Jane Doe **Stone, husband and wife, Defendants-Appellees.**

No. 1 CA–CIV 8078.

Court of Appeals of Arizona, Division 1, Department C.

March 4, 1986.

Review Denied June 9, 1986.

Hart, Himelrich & Gulinson by Richard G. Himelrick, Barry H. Hart, Phoenix, for plaintiffs-appellants.

Stone & Wright by H. Norman Stone, Phoenix, for defendants-appellees.

GRANT, Judge.

This appeal arises out of an action commenced by plaintiffs-appellants (referred to herein collectively as Pearce) to recover damages from defendants-appellees (referred to herein collectively as Stone) for conspiracy to commit a fraudulent conveyance. The action is based on the fraudulent schemes' statute (A.R.S. § 13–2310) as implemented by the civil remedies of the racketeering statutes (A.R.S. § 13–2301(D)(4)(t) and 13–2314(A)) as well as the common law of fraudulent conveyance. The trial court granted summary judgment in favor of Stone.

Pearce raises two issues on appeal:

(1) whether a triable issue exists as to Stone's liability for conspiracy to effect a fraudulent conveyance;

(2) whether the trial court erred in refusing to apply the fraud exception to the attorney-client privilege.

## PROCEDURAL HISTORY

On June 28, 1983, Pearce filed a complaint in the Maricopa County Superior Court against Ingrid Seitinger and Ingar Inv. & Dev. Ltd. Pearce sought to domesticate two September, 1982, Canadian judgments against Seitinger and Ingar Inv. & Dev. Ltd. in the amounts of $135,430.58 and $314,391.76. The Canadian judgments were for debts owed. Pearce also alleged that Seitinger made fraudulent conveyances in violation of the Uniform Fraudulent Conveyance Act, A.R.S. § 44–1001 to 44–1013 (UFCA).

On January 5, 1984, Pearce filed an amended complaint adding Stone as a co-defendant. Pearce sought damages from Stone individually, alleging that as Seitinger's attorney, Stone conspired to effect a series of conveyances intended to defraud Pearce. Because of Pearce's inability to locate and serve Seitinger, Stone is and has been at all times, the sole defendant in this action.

## STANDARD OF REVIEW

In reviewing the trial court's grant of summary judgment, we must view the facts in a light most favorable to the party opposing the motion and we must give that party the benefit of all favorable inferences arising from the evidence. *Farmers Ins. Co. v. Vagnozzi*, 138 Ariz. 443, 675 P.2d 703 (1983); *Wisener v. State*, 123 Ariz. 148, 598 P.2d 511 (1979). In this manner, we consider the events leading to this appeal.

## FACTS

In 1980, Ingrid Seitinger and her husband purchased a home at 4444 East Camelback Road in Phoenix (the residence). In December, 1980, Stone executed a trust agreement for the Seitingers and the "Bigs Trust" (the trust) was formed. The corpus of the trust was $10.00. Ingrid Seitinger and Stone were appointed co-trustees and Brian Seitinger, the Seitinger's son, was named the sole beneficiary. Stone drafted the trust agreement to include a spendthrift provision, but the provision was revocable upon the consent of the grantor and

both trustees. On December 31, 1980, the Seitingers transferred the residence, then free and clear from any encumbrances, into the trust.

In May, 1982, the residence was deeded out of trust and the Seitingers borrowed $180,000 against the residence. Stone signed the deed as co-trustee. Later the same month, the Seitingers reconveyed the residence to the trust. In August, 1982, the residence was again deeded out of trust and the Seitingers borrowed an additional $110,000 against the residence. The Seitingers failed to make any payments on the loans. In 1983, the holders of the deeds of trust sold the residence at a foreclosure sale.

Stone acted as legal counsel for the Seitingers throughout the aforementioned period. We also note that for a two month period prior to the creation of the trust, Pearce sent Seitinger a series of letters threatening to initiate litigation against Seitinger in Canada. We now turn to the issues presented in this appeal.

## I. CONSPIRACY TO MAKE A FRAUDULENT CONVEYANCE

■ Although inartfully drafted, Pearce's complaint and appellate brief suggest that Pearce's sole claim against Stone is for damages arising from Stone's involvement with the Seitingers in a conspiracy to defraud Pearce.[1] Pearce contends that the trial court erred in granting summary judgment because a jury could have found that a) Stone knowingly participated in a scheme to defraud Pearce and that b) Pearce suffered damages as a result of Stone's participation in the conspiracy. We agree that Pearce's claim must be supported by evidence of both damages and a conspiracy. See *Tovrea Land and Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 412 P.2d 47 (1966). But we disagree that a

triable issue concerning Stone's liability depends on a showing of these two elements alone.

In *McElhanon v. Hing*, 1 CA–CIV 5933 (filed Oct. 1, 1985), this court held that a judgment creditor states a claim for damages arising from a conspiracy to commit a fraudulent conveyance provided that he introduces evidence of the following: a) a fraudulent conveyance; b) an agreement between two or more people to effect a fraudulent conveyance (i.e., conspiracy to commit a fraudulent conveyance); c) damages resulting from the conveyance that are traceable to the conspiracy; and d) inadequacy of the equitable remedies under the UFCA. Because the record on appeal does not clearly indicate the grounds upon which summary judgment was granted, we must examine all of the aforementioned factors. If Pearce failed to make a requisite showing regarding each and every element, summary judgment was proper.

### a) *Evidence of a Fraudulent Conveyance*[2]

Pearce contends that the transfers of the residence to and from the trust and the encumbering of the residence constitute fraudulent conveyances within the meaning of A.R.S. § 44–1007, which provides:

> Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors.

This being an appeal from a summary judgment, we need not determine whether the alleged transfers in fact constitute fraudulent conveyances with the requisite actual intent. We have determined there are "badges of fraud," *Cashion Gin Co. v. Kulikov*, 1 Ariz.App. 90, 399 P.2d 711 (1965), from which a jury could conclude

1. Legal remedies are unavailable under the UFCA. Pearce asks exclusively for monetary damages. Therefore, Pearce cannot here be suing Stone on a UFCA predicated cause of action.

2. Although Pearce's appellate brief mentions the common law action for fraudulent conveyances,

his attempt to show the predicate fraudulent conveyance is directed towards Seitinger's alleged violation of the UFCA. Accordingly, we limit our discussion to the elements of a fraudulent conveyance under the UFCA.

that the Seitingers transferred and encumbered their residence with actual intent to defraud Pearce. The nine elements of common law fraud are not required here. *Linder v. Lewis, Roca, Scoville & Beauchamp*, 85 Ariz. 118, 333 P.2d 286 (1958).

■ A series of demand letters threatening the Canadian litigation were sent to Ingrid Seitinger during a two month period immediately preceding the creation of the trust. The trust included a spendthrift clause to protect the residence from creditors. In addition, all the parties to the trust, with the exception of Stone, were family members, and Ingrid Seitinger and her husband continued to exercise indicia of ownership by occupying the residence after it was placed in trust. Finally, the residence was encumbered after the lodging of the first Canadian judgment. The second mortgage, moreover, followed the lodging of the second judgment. Neither mortgage was of apparent benefit to the beneficiary.

■ Stone contends that the alleged conveyances cannot be fraudulent as a matter of law because Pearce was not a judgment creditor prior to the transfers of the residence into trust and the encumbering of the residence. We do not agree. Under the UFCA, A.R.S. § 44–1007, any proven transfer made with intent to defraud or deceive is unlawful against *any* creditor, not just a judgment creditor. *McElhanon*, slip op. at 12.

In sum, the record reflects sufficient "badges of fraud" to constitute a prima facie case of fraudulent conveyance.

b) *Stone's Participation in a Scheme to Defraud Pearce*

Stone argues that he had no knowledge of the Canadian litigation. If true, Stone hopes to prove that he had no knowing participation in a conspiratorial scheme.[3] This is a fact issue for the trier of fact. We believe that a finder of fact could infer

that Stone did know of the Canadian litigation.

We agree with the California Supreme Court in *Wyatt v. Union Mortgage Co.*, 24 Cal.3d 773, 157 Cal.Rptr. 392, 598 P.2d 45 (1979) that the requisite concurrence in a tortious scheme may be "inferred from the nature of the acts done, relation of the parties, interests of alleged conspirators and other circumstances." 24 Cal.3d at 785, 157 Cal.Rptr. at 399, 598 P.2d at 52 (quoting *Chicago Title Ins. Co. v. Great Western Financial Corp.*, 69 Cal.2d 305, 316, 70 Cal.Rptr. 849, 856, 444 P.2d 481, 488 (1968)). Applying these principles to the instant matter, we have determined that there is evidence from which a jury could find that Stone conspired with the Seitingers to defraud Pearce.

■ Stone drafted the trust agreement to include a spendthrift clause. Although Stone was co-trustee, it appears that Stone may not have acted in an independent manner. Stone signed the deeds so that the residence could be conveyed out of trust and mortgaged without a determination that such a conveyance was in the best interest of the beneficiary. Stone stated in his deposition: "I do not believe that I had a duty to determine whether all the transactions were in the best personal interest of the beneficiaries." Stone asserts, however, that Brian Seitinger, the beneficiary, consented to the mortgages. Because Brian Seitinger was himself the son of Ingrid and her husband, Brian Seitinger's consent is not relevant. The record also discloses that Stone was paid for obtaining the first mortgage.

After the foreclosure on the residence, Stone helped the Seitingers to obtain other property under aliases. Three contracts to purchase properties from a Ms. Bartlett were not signed by the Seitingers but by Stone as "agent for a yet to be formed corporation." Title to one of the properties was in Stone's name alone.

---

3. A conspiracy is a combination of two or more people (or agreement between) to accomplish some unlawful purpose. *Perry v. Apache Junc-* *tion Elementary School Dist.*, 20 Ariz. App. 561, 514 P.2d 514 (1973).

We are not suggesting that these purchase transactions constitute fraudulent conveyances. We do find them material in our conclusion that a triable issue of conspiracy exists.

#### c) Damages From Fraudulent Conveyances Committed Pursuant to the Conspiracy

To survive a motion for summary judgment, Pearce must also show evidence of damages resulting from the conspiratorial activities. *See Tovrea,* 100. Ariz. at 131, 412 P.2d at 63; *McElhanon,* slip op. at 10.

First, it is clear that Pearce sustained damages. The residence was worth at least $290,000 before it was encumbered. Now the residence has been sold at foreclosure sale and is now obviously beyond the reach of Pearce.

■ The evidence further supports a finding that these damages are traceable to the conspiracy. Stone was instrumental in creating the "Bigs Trust" and in encumbering the property. Without Stone's help, the allegedly fraudulent transfers could not have occurred.

#### d) Inadequacy of Remedies Under the UFCA

■ Stone contends that he cannot be sued for damages because Pearce's remedies are limited to those found in the UFCA, § 44–1009. Under § 44–1009, a party injured by a fraudulent conveyance may:

(1) Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or

(2) Disregard the conveyance and attach or levy execution upon the property conveyed.

We have previously recognized that the action here, conspiracy to commit a fraudulent conveyance, is an action independent of the UFCA, and, therefore, is not limited to the UFCA remedies. *McElhanon,* slip op. at 14. This action may not be brought, however, unless remedies under the UFCA are inadequate. *Id.*

■ In the instant matter, the residence decreased in value and was sold. The Seitingers, moreover, have disappeared. The UFCA, then, can hardly provide Pearce with an adequate remedy.

In conclusion, we find that Pearce provided material evidence of all the elements necessary to make a claim against Stone for damages arising from a fraudulent conveyance. A jury could have found that Stone participated in a scheme to defraud Pearce. Therefore, we hold summary judgment was improperly granted.

### II. ATTORNEY–CLIENT PRIVILEGE

We now consider Pearce's argument that the trial court erred in refusing to apply the fraud exception to the attorney client privilege. During discovery, Pearce requested that Stone answer questions regarding discussions with the Seitingers. Pearce also sought production of any written communications between Stone and the Seitingers. Stone resisted disclosure of any of the requested information on the basis that it was privileged. On April 5, 1984, pursuant to rule 37(a)(2), Arizona Rules of Civil Procedure, Pearce filed a motion to compel production of the documents and to compel Stone to answer. The trial court denied the motions finding that:

1. The Court is unable to find any Arizona authority to support Plaintiffs' proposition that a "fraud" exception to the attorney client privilege exists in any Arizona civil action. Additionally,

2. Plaintiff has failed to present a prima facie case of fraud against Defendant Stone.

We hold that the trial court erred. Our supreme court's decision in *Buell v. Superior Court,* 96 Ariz. 62, 391 P.2d 919 (1964) is dispositive of the issue. In *Buell* the supreme court held that the attorney-client privilege is defeated by a showing of prima facie fraud on the part of the client. The court stated that:

There is a privilege protecting communications between attorney and client. The privilege takes flight if the relation is

abused. A client who consults an attorney for advice that will serve him in the commission of a fraud will have no help from the law. He must let the truth be told ... To drive the privilege away, there must be something to give color to the charge; there must be 'prima facie evidence that it has some foundation in fact'.

*Buell,* 96 Ariz. at 68, 391 P.2d at 924 (quoting *Clark v. United States,* 289 U.S. 1, 15, 53 S.Ct. 465, 469, 77 L.Ed. 993, 1000 (1933)).

We have already determined that Pearce has presented a prima facie case against the Seitingers for fraudulent conveyance. Accordingly, the trial court improperly applied the attorney-client privilege.

For the foregoing reasons, this case is reversed and remanded for proceedings consistent with this opinion.

KLEINSCHMIDT, P.J., and EUBANK, J., concur.