19 F.3d 1439
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Helen J. BROWN, a single woman; Santa Rita Homes Inc., a
Nevada Corporation, Plaintiffs-Appellants,
v.
Alan R. FRIEDMAN, husband and Jane Doe Friedman, wife;
Damian Synclair, husband and Jane Doe Synclair, wife; All
American Finance Inc., Patrick Robarge, husband and Jane Doe
Robarge, wife; Brian Bumgarner, husband and Jane Doe
Bumgarner, wife; Arizona Auto Exchange, Inc., an Arizona
Corporation, Defendants-Appellees.
Helen J. BROWN, a single woman; Santa Rita Homes Inc., a
Nevada Corporation, Plaintiffs-Appellants,
v.
Alan R. FRIEDMAN, husband and Jane Doe Friedman, wife;
Patrick Robarge, husband and Jane Doe Robarge,
wife, Defendants-Appellees.
 Nos. 92-16263, 93-15662.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 8, 1994.
Decided March 16, 1994.
 
 Before: FLETCHER, KOZINSKI and TROTT, Circuit Judges:
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff/appellant Helen Brown challenges the district court's judgment in favor of the defendants/appellees as well as the court's grant of attorney's fees to Patrick Robarge, one of the defendants/appellees.
 
 
 3
 * Brown claims the district court erred when it failed to find that appellees rendered Arizona Auto Exchange, Inc. ("Arizona Auto") insolvent through fraudulent conveyances. We review the district court's findings of fact under the clearly erroneous standard. Fed.R.Civ.P. 52(a); In Re San Vicente Medical Partners Ltd., 962 F.2d 1402, 1405 (9th Cir.), cert. denied, 113 S.Ct. 210 (1992). The district court found the shareholders, including Brown, agreed, at the December 2, 1986 meeting, to transfer contracts from Arizona Auto to Alan Friedman and Damian Synclair. The court found all parties performed the obligations they incurred at the December 2 meeting. The court also found the subsequent real estate transfers were executed in return for fair value under the circumstances. Brown has failed to demonstrate that these findings are clearly erroneous.
 
 
 4
 Brown also claims appellees transferred sales contracts and real estate with the actual intent of defrauding creditors, in violation of Arizona law. The district court, however, determined that none of these transfers were carried out with the intent to defraud. We conclude that the district court did not err in finding no intent to defraud.
 
 II
 
 5
 Brown argues that appellees violated the Arizona racketeering statute, Ariz.Rev.Stat.Ann. Sec. 13-2301 (1993), by participating in a scheme or artifice to defraud her. She focuses primarily on the income statements appellees showed her before she purchased her share of Arizona Auto, and specifically on the fact that appellees did not prepare these statements in accordance with generally accepted accounting principles. However, she has failed to demonstrate that the district court clearly erred in concluding that the financial information appellees provided was accurate and that appellees made no misrepresentations or material omissions in connection with her investment decision.
 
 III
 
 6
 Brown claims the district court erred when it precluded her from calling attorney Jeffrey Greenberg as a witness. We review evidentiary rulings for abuse of discretion. McGonigle v. Combs, 968 F.2d 810, 818 n. 6 (9th Cir.), cert. dismissed, 113 S.Ct. 399 (1992). Brown argues that because, under Arizona law, there is no attorney-client privilege when the opposing party has made a prima facie case of fraud, Pearce v. Stone, 720 P.2d 542, 548 (Ariz.App.1986), Greenberg had no privilege. Brown, however, has not presented a prima facie case of fraud. Furthermore, because the parties to the transactions did testify, Greenberg's testimony was not necessary.
 
 IV
 
 7
 Brown argues that the district court erred in awarding attorney's fees to Patrick Robarge. We review attorney's fees awards for abuse of discretion, Drucker v. O'Brien's Moving and Storage, Inc., 963 F.2d 1171, 1173 (9th Cir.1992), and the supporting findings of fact for clear error. Price v. Seydel, 961 F.2d 1470, 1475 (9th Cir.1992). We conclude that the district court technically was wrong in finding that Robarge was simply an Arizona Auto employee "at all times material to the complaint." ER 68. Robarge testified that he was a director of Arizona Auto during 1987 and 1988. ER 57-58. However, he also testified that he did not know he had been chosen as a director. Id. Because Robarge was not aware he was a director, we conclude the district court did not err in finding that "[a]t least by the completion of discovery, the Plaintiffs should have known ... [he] could not have reasonably been held liable for the acts complained of by Plaintiffs." ER 68. The court did not abuse its discretion in awarding Robarge attorney's fees.
 
 V
 
 8
 Appellant raises other claims, which we have examined and found to have no merit. The district court judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as