NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MICHAEL DOLAN,
*Plaintiff/Appellant*,

v.

STATE OF ARIZONA,
*Defendant/Appellee*.

No. 1 CA-CV 22-0219
FILED 12-22-2022

Appeal from the Superior Court in Maricopa County
No. CV2018-009634
The Honorable Jay R. Adleman, Judge

**VACATED AND REMANDED**

COUNSEL

Zapata Law, PLLC, Chandler
By Julio M. Zapata
*Co-Counsel for Plaintiff/Appellant*

Law Offices of Gil Negrete, PC, Phoenix
By Gil Negrete
*Co-Counsel for Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By G. Michael Tryon, Rebecca Banes
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Acting Presiding Judge James B. Morse Jr. delivered the decision of the Court, in which Judge Michael J. Brown and Chief Judge Kent E. Cattani joined.

---

**M O R S E**, Judge:

**¶1**        Michael Dolan ("Dolan") appeals the superior court's grant of summary judgment to the State.  For the following reasons, we vacate that ruling and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        On July 7, 2017, at about 9:35 a.m., Dolan drove his motorcycle eastbound on Interstate 40 near milepost 120.5 in Yavapai County.  Shortly after passing a commercial vehicle, Dolan lost control of the motorcycle when the rear tire slipped on the pavement.  Dolan went off the roadway and over the right-shoulder of the highway.   After the crash, the commercial-vehicle's driver stopped to help Dolan, called 9-1-1, and waited for the police to arrive.

**¶3**        The investigating officer walked the roadway near milepost 120 and noticed a "black coating" over a large portion of the travel lanes.  In his crash report, the officer noted that the roadway "had recently been coated in a layer of oil."  He also wrote that Dolan traveled straight on the roadway and engaged in "no improper action" while operating the motorcycle.  An ambulance transported Dolan to Flagstaff Medical Center to treat his injuries.

**¶4**        Dolan filed suit against the State alleging negligence and vicarious liability for the acts of the Arizona Department of Transportation ("ADOT").  After the close of discovery, the State moved for summary judgment.  Following oral argument, the superior court granted the State's motion, finding that no genuine issues of material fact existed because Dolan provided no evidence of causation to support his negligence claim.

**¶5**        Dolan timely appealed.  We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶6        Dolan argues that the superior court erred because material questions of fact make summary judgment inappropriate.

## I.        Summary Judgment Standard.

¶7        Summary judgment is appropriate only if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law.  Ariz. R. Civ. P. 56(a).  The moving party bears the burden of demonstrating both the absence of a genuine dispute of material fact and why summary judgment should be entered in its favor.  *Nat'l Bank of Ariz. v. Thruston*, 218 Ariz. 112, 115, ¶ 14 (App. 2008).  "Any evidence or reasonable inference contrary to the material facts . . . will preclude summary judgment."  *United Bank of Ariz. v. Allyn*, 167 Ariz. 191, 195 (App. 1990).  Mere "speculation or insubstantial doubt as to the facts will not suffice, but where the evidence or inferences would permit a jury to resolve a material issue in favor of either party, summary judgment is improper."  *Id.*  "Further, a court must view the evidence in a light most favorable to the non-moving party and draw all justifiable inferences in its favor."  *Thruston*, 218 Ariz. at 116, ¶ 17.

¶8        If "the moving party argues it is entitled to summary judgment because the non-moving party lacks evidence to support its claim or defense," then "the moving party must do more than make bald assertions that the non-moving party cannot meet its burden of proof at trial or has no evidence supporting its claim or defense."  *Thruston*, 218 Ariz. at 118, ¶ 23.  Generally, the "moving party's burden of persuasion on the motion remains with that party; it does not shift to the non-moving party."  *Id.* at 115, ¶ 16.  However, if "a moving party meets its initial burden of production by showing that the non-moving party does not have enough evidence to carry its ultimate burden of proof at trial," then the burden "shifts to the non-moving party to present sufficient evidence demonstrating the existence of a genuine factual dispute as to a material fact."  *Id.* at 119, ¶ 26.

¶9        We review an order granting summary judgment de novo, *Jackson v. Eagle KMC L.L.C.*, 245 Ariz. 544, 545, ¶ 7 (2019), and may affirm "if it is correct for any reason apparent in the record," *Forszt v. Rodriguez*, 212 Ariz. 263, 265, ¶ 9 (App. 2006).

## II.    Negligence.

**¶10**        Dolan cites to circumstantial evidence and reasonable inferences therefrom to argue there are genuine issues of material fact that should have precluded summary judgment on breach and causation.  The State responds that it is entitled to summary judgment because Dolan failed to produce evidence that (1) the State "either placed oil on the roadway or had notice of its presence there"; and (2) the State's actions caused Dolan's injuries.

**¶11**        To establish a claim for negligence, a plaintiff must prove four elements: "(1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Cal-Am Props. Inc. v. Edais Eng'g Inc.*, 253 Ariz. 78, 81, ¶ 5 (2022) (quoting *Gipson v. Kasey*, 214 Ariz. 141, 143, ¶ 9 (2007)).  The State is not an insurer of the safety of highways under its control, but it has a duty to maintain its roadways and keep them safe for travel. *Ariz. State Highway Dep't v. Bechtold*, 105 Ariz. 125, 129 (1969); *Livesay v. State*, 126 Ariz. 345, 346 (1980).  The State recognizes that it has a duty to keep its highways reasonably safe for the traveling public and does not challenge the standard of care on appeal.[1]

**¶12**        The State breaches its duty when it (1) knows, or in the exercise of reasonable care should have known, that a roadway is unsafe and negligently fails to remedy the situation; or (2) is negligent in the way it attempts to remedy the situation. *City of Phoenix v. Kenly*, 21 Ariz. App. 394, 396 (1974).  For the State to be "liable for a failure to repair, it must have first received actual or constructive notice of the defect." *Wisener v. State*, 123 Ariz. 148, 150 (1979).  "However, if the [State] itself caused the defect, or if the repairs or improvements were defective when made, notice of the defects is not a prerequisite to holding the [State] liable." *Id.* (citations omitted).

---

[1] The State argued in its summary judgment motion that Dolan had failed to provide evidence of the "highway engineering maintenance standard of care" and so Dolan could not show the State breached that standard.  The State does not pursue that argument on appeal. *See Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 459, ¶ 29 (App. 2000) ("Our policy, and the policy of most appellate courts, is that issues not clearly raised in appellate briefs are deemed waived.").

¶13        The State argues that ADOT maintenance records show it neither placed nor had notice of the flush coat[2] on the eastbound lanes at milepost 120 and that Dolan presented no contrary evidence. Dolan argues that circumstantial evidence shows that ADOT placed flush coat on the roadway or, at least, had constructive notice of the condition. *See Crye v. Edwards*, 178 Ariz. 327, 329 (App. 1993) ("Arizona has long recognized 'that direct and circumstantial evidence have equal probative worth'; and our supreme court has long 'abandoned the rule that each link in a chain of circumstantial inference must exclude every other reasonable hypothesis.'" (quoting *Lohse v. Faultner*, 176 Ariz. 253, 259 (App. 1992))). Although Dolan's brief suggests the State had "constructive notice" of the flush coat on the roadway, he presents no argument or citation to the record to support this claim. Therefore, we decline to address this issue. *See In re 3567 E. Alvord Road*, 249 Ariz. 568, 572, ¶ 11 n.5 (App. 2020) ("We do not address this suggestion because [appellant] has failed to fully develop this argument or meaningfully cite to relevant authority . . . .").

¶14        Dolan argues a reasonable jury could infer facts establishing liability because (i) the "State is in charge of applying oil coatings to the roadways," (ii) the State's internal documents show the oil coating is known to be slippery, and (iii) by not ensuring the "oil coating had completely dried and/or that no oil spots exist[ed]," the State breached its duty to maintain safe roads. Aside from his own declaration, Dolan points to the commercial-vehicle driver's statements that "the roadway had recently been coated in a layer of oil," and he had reduced his speed due to the oil on the roadway. Dolan also cites the investigating officer's statements that "[ADOT] had put oil down at some point" over a large section of the eastbound travel lanes. Both parties acknowledge that ADOT (1) applied flush coat to the eastbound lanes between mileposts 132 and 134 on July 5 and the westbound lanes between mileposts 121 and 134 on July 5 and 6; and (2) conducted a shoulder sweeping operation over the eastbound lanes between mileposts 121 and 146 on July 3.

¶15        For purposes of summary judgment, the State does not dispute that an "oil-like substance on the roadway caused" Dolan's crash and that ADOT had been applying flush coat to other parts of Interstate 40

---

[2] According to the ADOT Construction Manual, "flush coat," also referred to as "fog coat," has "a petroleum resin oil base, emulsified in water" and in "most cases the fog coat leaves the surface extremely slippery, so it is sanded (blotted) in order to permit earlier use of the pavement." The road is "[n]ever open to traffic without sufficiently blotting to eliminate the slippery surface" and "[t]raffic is kept off fog coats for at least 2 hours . . . ."

a couple of days prior. Though the State argues that the oil "could have ended up on the roadway in any number of ways," it does not provide any alternative explanation for oil on a large section of the eastbound travel lanes on a roadway that ADOT is responsible for maintaining. Moreover, ADOT admits that it has a duty to maintain the highway in a manner that is reasonably safe for ordinary travel. *See Livesay*, 126 Ariz. at 346. The undisputed evidence that ADOT had coated other nearby portions of Interstate 40 at the time, and witness statements describing an oily "black coating" on the road, could allow a reasonable jury to infer that ADOT had also applied a flush coat at the scene of the accident and that ADOT's records are incorrect or incomplete. In the absence of any competing plausible explanation from ADOT for the presence of the alleged coating on the roadway, such an inference is not unreasonable. *See Robertson v. Sixpence Inns of Am., Inc.*, 163 Ariz. 539, 546 (1990) ("Plaintiff need only present probable facts from which the causal relationship reasonably may be inferred."); *Buzard v. Griffin*, 89 Ariz. 42, 48 (1960)("An inference is a fact which may be presumed from the proof of the existence or non-existence of other facts."); *cf. also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 596-97 (1986) (noting that "equally plausible explanations" may defeat reasonable inferences drawn from circumstantial evidence).

**¶16** Dolan also challenges the superior court's ruling that he did not establish causation. The court concluded that summary judgment in favor of the State on causation was appropriate because Dolan presented no evidence to establish a causal link between the State's conduct and Dolan's injuries.

**¶17** The State acknowledges that Dolan has presented evidence for purposes of summary judgment that an "oil-like substance on the roadway caused or contributed to his crash" and that ADOT had been applying flush coat to other nearby parts of Interstate 40 a couple of days prior. As discussed above, because a jury could reasonably infer that ADOT had applied that oil-like substance near milepost 120, *supra* ¶ 15, we conclude that there is a genuine dispute of material fact regarding both breach and causation. *See Allyn*, 167 Ariz. at 195 (noting that "where the evidence or inferences would permit a jury to resolve a material issue in favor of either party, summary judgment is improper"); *see also Salica v. Tucson Heart Hosp.-Carondelet, L.L.C.*, 224 Ariz. 414, 419, ¶ 16 (App. 2010) ("Causation is generally a question of fact for the jury unless reasonable persons could not conclude that a plaintiff had proved this element." (quoting *Barrett v. Harris*, 207 Ariz. 374, 378, ¶ 12 (App. 2004))).

## CONCLUSION

**¶18**     For the above-stated reasons, we vacate the superior court's grant of summary judgment to the State and remand this case for further proceedings.   Further, we grant Dolan his costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA